## CHURCH v. CLARK.

An officer who collects money on an execution, is not obliged to carry it to the creditor, and no promise arises in such case, to pay, until a demand is made.

The Statute of Limitation is no bar to an action against an officer, who has received the money upon an execution.

ERROR to reverse a judgment of the County Court in an action brought by Church v. Clark; declaring, that in A. D. 1783, the defendant was deputy sheriff; and that he delivered to him an execution in his favor, against       to levy and collect for £14 6s., that he accordingly collected the money on said execution, and ever since had kept it for the plaintiff's use; that thereupon the defendant became liable to pay said money to the plaintiff, and being so liable, did in consideration thereof assume and promise, etc.

Plea in bar — The Statute of Limitation, which is, that no suit or action in law or equity, shall be brought or maintained, against any sheriff, sheriff's deputy, or constable or any other person, for any default, or neglect, of such sheriff, etc. in their office and duty; but within two years next after the right of action, shall accrue, etc.   To which a demurrer was given. Judgment of the County Court, that the plea was sufficient.

Error assigned — That the plea ought to have been adjudged insufficient, and for the plaintiff to recover.

The judgment of the County Court affirmed — Not because the statute is any bar to this action; for every officer, who has collected money on an execution is liable to pay it over.   But the demurrer runs back to the declaration; and by that it appears, that this money was collected and received as an officer, who is not bound to carry it to the creditor. The law provides no pay for his travel; the law therefore does not raise a promise, in such case, to pay until a demand is made, and no special demand is laid in the declaration, and for this fault in the declaration, the judgment was affirmed.