CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1869.

## J. A. CARR, RESPONDENT, v. MOSES HURD, APPELLANT.

SERVICE OF NOTICE OF APPEAL.—Notice of an appeal from a judgment rendered by a justice of the peace, may be served either upon the party personally or on the attorney who appeared for him in the action, if such attorney resides in the county where the trial was had.

THE respondent appeared specially for the purpose, and moved to dismiss the appeal for want of a sufficient service of notice of the appeal. The respondent had appeared in the justice's court by an attorney who resides and has his office in the county, and the notice of appeal was served on the attorney and not on the respondent in person.

*Hill & Mulky*, for the respondent, cite *Daily* v. *Bergman*, decided in this court in 1866. 6 How. Pr. 106. 6 Cal. 245.

*O. P. Mason*, for appellant, cites *Lindley* v. *Wallis*, 2 Ogn. 203.

UPTON, J. The general practice act, sec. 527, provides, in regard to appeals from judgments rendered in courts of record, "The appellant shall cause a notice to be served on the adverse party, and file the original," etc. The justices' act uses this phraseology : "The appeal is taken by serving a notice thereof on the adverse party and filing the original." Code p. 595, s. 66.

In *Lindley* v. *Wallis*, 2 Ogn. 203, the supreme court having an appeal from a court of record under consideration, held that, "the service of notice of appeal may be made either upon the party or upon his attorney of record residing within the county where the trial was had. Outside the county the service can only be had on the party." It only remains to be determined whether there are sound reasons for sustaining a different rule, in appeals from a court not of record. There is force in the position that such courts have no attorneys of record, or rather that any person may appear there as attorney. There are not the same safeguards against misapprehension or negligence on the part of persons who appear there as attorneys, as there are in courts of record ; and the former ruling of this court, if not in conflict with the opinion of

the supreme court, should be of great weight in determining the case. It should be borne in mind, however, that that ruling was made before the question had been determined in the supreme court, and at a time when the bar was much divided in opinion as to what ought to be the rule in appeals from courts of record. I am inclined to think my predecessor would have ruled differently if the ruling in *Lindley* v. *Wallis* had been announced before he was called to pass upon this question. A very grave reason against the ruling made in *Daily* v. *Bergman* is, that a plaintiff may sue by attorney in a justice's court and obtain judgment, without ever coming into the state. In that case, all right of appeal would be cut off, unless notice of appeal can be served on the attorney. I think the reasons in favor of service on the attorney stronger than those against it, and that the practice, in appeals from justices' courts, should conform in this particular with the practice in other cases, as established by the supreme court in *Lindley* v. *Wallis*.[1]

CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1869.

---

1. The ruling in the case of *Lindley* v. *Wallis* is understood to require service to be made on the *party*, when the *attorney* resides outside the county.