[Filed·December 22, 1885.]

## C. O. HOSFORD *v.* CHARLES LOGUS.

APPEALS FROM JUSTICE'S COURT—PRACTICE ON—JURY TRIAL.—The mode of appealing from a judgment of a Justice's Court is prescribed in chapter 9, Justice's Code, and is the mode by which a party to such a judgment is enabled to obtain a common-law trial by jury. The proceeding is simple, and the practice should be liberal in furtherance of justice.

SAME—MOTION TO DISMISS—UNDERTAKING.—Where, upon a motion to dismiss an appeal from a Justice's Court, it is objected that the affidavit of the surety in the undertaking, as to his qualifications, was made prior to the service of the notice of appeal, and the appellant asks leave to perfect

the appeal by filing a new undertaking, such leave should be granted, or the motion to dismiss be overruled.

SAME—RULE OF COURT.—The Circuit Court, under the statute, has no authority to prescribe that a copy of a proposed amended undertaking in such a case shall be first served upon the opposite party, before allowing it to be filed.

MULTNOMAH COUNTY.    Defendant appeals.    Reversed.

*Burney & Ames,* for Appellant.

*P. L. Willis,* for Respondent.

THAYER, J.   This appeal is from an order of the Circuit Court for the county of Multnomah, dismissing an appeeal to that court from the Justice's Court for South Portland Precinct, Multnomah County.   The respondent brought an action in the Justice's Court against the appellant, and recovered a judgment against him therein, which was rendered by the justice on the twenty-ninth day of August, 1884.   On the thirtieth day of August, 1884, the appellant's attorneys prepared a notice of appeal and undertaking in due form, in order to appeal from said judgment to the said Circuit Court.   The undertaking was given by the appellant, with a surety, who, it appears from his affidavit duly indorsed thereon, was duly qualified to be such surety; that afterwards, and on the eighteenth day of September, 1884, said notice of appeal was duly served upon the respondent, and on the next day the notice of appeal, with proof of service, and the said undertaking, were duly filed with the said justice, who thereupon made an entry in his docket of the allowance of the said appeal.   Thereafter a transcript was duly filed in the office of the clerk of the Circuit Court.

On the eleventh day of March, 1885, the respondent filed a motion to dismiss the appeal.   The grounds of the motion shown upon its face were the following: "1.

The court has no jurisdiction of the case; 2. No appeal was ever perfected therein; 3. No appeal has ever been taken."

The case was, at some time, but at what particular time does not appear, set for trial for the thirteenth day of March, 1885, at which time the respondent's counsel called up said motion, and it would seem, though it does not appear from the record, claimed that the motion should be allowed, upon the grounds that the affidavit of the surety, as to his being qualified as such, was made prior to the service of the notice of appeal, and some twenty days prior to the time when said notice of appeal and undertaking were filed. I have no means of knowing this to have been the ground, except that it was conceded to have been such upon the argument of the appeal. Pending the argument of said motion to dismiss the appeal, the appellant prepared a new undertaking and proposed to file it, whereupon the court ordered the clerk to indorse thereon that it was received for filing, and such filing refused by order of the court, upon the grounds, as appears from the final entry of the order dismissing the appeal, that the undertaking offered for filing was not offered in time, and was not served on the adverse party as required by the rules of the court, and dismissed the appeal. The question submitted to this court is as to the correctness of the ruling of the Circuit Court in dismissing the appeal under the foregoing circumstances.

The mode of appealing from a judgment of a Justice's Court is prescribed by chapter 9 of the Justice's Code. It is there provided that a notice of appeal shall be served upon the adverse party, and the original filed, with proof of service, and an undertaking for the costs of appeal given. The justice is required, when an appeal is taken, to allow the same, and make an entry thereof

in his docket.   On or before the first day of the term of
the Circuit Court next following the allowance of the
appeal, the appellant is required to file with the clerk of
the Circuit Court a transcript of the cause, and upon
the filing of which the appeal is perfected, and the action
is deemed pending and for trial in that court.   The pro-
ceeding is simple, and the practice should be liberal.   It
is the mode by which a party to a Justice's Court judg-
ment is enabled to obtain a common-law trial by jury.
The legislature would hardly be justified in giving to
Justice's Courts jurisdiction to the amount of two hun-
dred and fifty dollars without giving the right of appeal
as above mentioned, and the whole code system is im-
bued with a spirit of liberality for the furtherance of
justice.   The defect in the said undertaking, if any at
all, was merely technical, and the court should either
have overruled the motion to dismiss the appeal or have
directed the appellant to perfect it.   To turn a party out
of court for such trifling defects does not belong to this
age of jurisprudence.   The enactment of a statute of
jeofails was an advance step in judicial procedure.   It
indicated a wholesome desire to render the law a practi-
cal and useful means of adjusting civil affairs, and if its
principles are not to be observed, the science, instead of
progressing as all human institutions are expected to do,
will retrograde and become but an empty formality, a
mere idle, useless, and expensive ceremony.   It would
seem, from the journal entries in the case, that the ap-
pellant was willing to execute and file a sufficient under-
taking, but the court said " it was not offered in time,
and was not served on the adverse party as required by
the rules of the court, to entitle it to be filed."   It was
certainly offered as soon as the appellant was apprised of
the defect complained of.

The motion gave no information as to the defect.   The

grounds upon which it was filed were so vague and indefinite that no one could conclude from it what the objection to the proceeding was. The respondent's counsel contends that a motion need not specify the grounds upon which it is made. This is doubtless the case where it is accompanied with a notice. The latter is usually required to state the grounds with great particularity. (Baylies's Trial Practice, 551.) The Code does not require a notice to be given in every case (sec. 515), and it may not have been required in this case, but the circumstances and nature of the motion were such that the appellant should have been informed in the outset of the specific ground upon which it is made, otherwise it would operate as a trap. The section of the justice's act, under which the respondent proceeded, does not authorize such a motion, except inferentially. It provides that an appeal cannot be dismissed on motion of the respondent, on account of the undertaking thereof being defective, if the appellant, before the determination of the motion to dismiss, will execute a sufficient undertaking, and file the same in the appellate court, upon such terms as may be just. (Justice's Code, sec. 79.) The appellant in this case offered for filing a new undertaking during the argument of the motion to dismiss, but the court refused it because not offered in time, and not served on the adverse party, as required by the rules of the court. Why was it not offered in time? The motion was not then determined, and how could it have been served upon the adverse party? The case was on for trial when the motion to dismiss was sprung. The appellant could not have anticipated it, and he had no opportunity to serve the adverse party with a copy. There was no pretense but that the new undertaking was sufficient. It was not refused on that ground. The appellant proceeded in accordance with the statute, and no

rule of court could contravene that.   The statute says
that the appeal shall not be dismissed if the appellant
will give a sufficient undertaking before the determina-
tion of the motion, and it would be presumptuous for any
court to undertake to make a rule requiring such paper
to be offered at a different time.   Neither does the stat-
ute require that the undertaking shall be served upon
the adverse party.   Then how can the court impose that
as a condition, without usurping legislative functions?
Such practice would be oppressive.   The appellant was
before the court to have a jury trial, and he ought not
to be deprived of it by any capriciousness.   The court
erred in refusing him the right to file the undertaking
upon the grounds which the journal entry discloses.
Courts of justice would fall into great disrepute if such a
course were tolerated, and they would deserve to.   The
order dismissing the appeal should be reversed, and
the case reinstated upon the calendar for trial.

So ordered.