[Filed March 24, 1886.]

### JOHN Y. BYERS *v.* H. COOK.

APPEAL FROM JUSTICE'S COURT—MOTION TO DISMISS.—The assignments in a motion to dismiss an appeal from a Justice's Court, that the court had no jurisdiction of the case nor of the parties; no appeal has ever been taken or perfected in the case; the appellant never gave an undertaking for appeal—are too general to be considered in this court.

APPEAL FROM JUSTICE'S COURT—UNDERTAKING ON.—An undertaking on appeal from a Justice's Court is not rendered defective by the fact that it was executed before the notice of appeal was served, where it was not so executed till after the judgment appealed from was rendered.

SAME—SERVICE OF NOTICE—ATTORNEY.—A notice of appeal from a judgment in a Justice's Court need not be served upon the respondent's attorney therein.

ATTORNEY—AUTHORITY OF.—An attorney in a court of record after notice of his appearance should be served with all papers in the action, where they are not required by statute to be served upon the party; but in a Justice's Court his authority is limited to matters transacted there.

MULTNOMAH COUNTY.   Defendant appeals.   Reversed.

A judgment was rendered against the appellant in the Justice's Court on the third day of August, 1885.   On the seventh day of that month, the appellant duly executed an undertaking on appeal therefrom to the said Circuit Court.   On the twenty-fifth day of August, 1885, a notice of appeal, having been duly prepared, was served upon the respondent; and on the twenty-eighth day of August, same year, said notice of appeal, with proof of service, was filed with the said justice, and thereupon said undertaking was also filed with him.   The transcript of the proceedings in the Justice's Court having been duly filed in the said Circuit Court, the respondent filed a motion to dismiss the appeal, upon the following grounds: 1. The court has no jurisdiction of said case; 2. The court has no jurisdiction of the parties in said case; 3. No appeal has ever been taken or perfected in said case; 4. The notice of appeal in said case was not served upon F. B. Jolly, the said plaintiff's attorney; 5. The defendant and appellant never gave an undertaking for appeal; 6. Said notice of appeal was filed in the Justice's Court for South Portland precinct, in Multnomah County, Oregon, on August 28, 1885, and the affidavit of the surety on the undertaking for appeal, as to his qualifications as such, was subscribed and sworn to on August 7, 1885, and such undertaking with such affidavit was filed in said Justice's Court on August 28, 1885.   The Circuit Court sustained the motion to dismiss.

*J. H. Woodward,* for Appellant.

Filing the undertaking with the justice is a delivery; hence the undertaking was *executed* when filed. (*State* v. *Young,* 23 Minn. 551.) The regularity of the proceedings on appeal as to time when or within which an act is

done is tested by the filing. (*Holcomb* v. *Teal*, 4 Or. 352; *Alberson* v. *Mahaffey*, 6 Id. 412.) Proceedings in attachment are analogous to those in appeal. And in that proceeding it is not objectionable to fully prepare the papers for attachment before the complaint is drawn, provided the affidavit and undertaking are not *filed* until after the filing of the complaint. (*Wheeler* v. *Farmer*, 38 Cal. 215.)

*T. B. Jolly* and *E. Mendenhall*, for Respondent.

The notice of appeal to this court does not specify with reasonable or any certainty the grounds upon which appellant relies, and there is nothing before this court to try in this cause. (Civil Code, p. 218, sec. 527; *N. P. T. Co.* v. *Lowenberg*, 11 Or. 287.) An appeal must be brought into the Circuit Court in strict accordance with the statute, as to the undertaking especially. (*Simison* v. *Simison*, 9 Id. 335.) The attorney of record must sign the notice of appeal. (*Poppleton* v. *Nelson*, 10 Id. 439.)

By the COURT. The first, second, third, and fifth grounds of the motion are so general that they cannot be considered.

The fourth one is to the effect that the notice of appeal was not served upon the respondent's attorney; and the sixth one that the undertaking was signed, and the affidavit of the surety taken, prematurely. Neither of these grounds, in the opinion of the court, is tenable. The undertaking was not intended to nor had any effect until filed. (*State* v. *Young*, 23 Minn. 551.) It was prepared and signed with a view, no doubt, to be used in perfecting the appeal; and so long as it was prepared after the judgment was rendered, and not filed until the notice of appeal was filed, it was valid and binding. The law will not concern itself about such trifles. It looks to the

substance, and not to the form, in such matters. It would have been more exact, perhaps, to have waited until after the notice of appeal was served before preparing the undertaking, but it was no such error or defect as could have affected the substantial rights of the respondent.

The other point of the motion referred to is groundless. The appellant did not need to serve the notice of appeal upon the attorney, Jolly. His having appeared for the respondent before the justice did not substitute him for the respondent. When an attorney is employed by a party to an action in a court of record, and gives notice of his retainer, he stands in the place, stead, or turn of the party, and should be served with all subsequent papers in the action, where they are not specially required or directed by the statute to be served upon the party; but that rule does not apply to a person who acts as an attorney for another in a Justice's Court. In the latter case, he acts more as counsel, and his authority is limited to the matters that transpire there. In the one case, he acts as attorney for the party (Justice's Code, sec. 123); in the other, he "appears for and represents the party" "in the written proceedings in the action." (Civil Code, sec. 1000.) There is evidently nothing in that point.

We think the court erred in dismissing the appeal, and that the judgment appealed from should be reversed, and the action be reinstated upon the calendar of the circuit court; and it is so ordered.