[Filed November 24, 1890.]

T. L. BUTLER, ADMINISTRATOR, *v.* IRA S. SMITH.

NOTICE OF APPEAL—SERVICE ON PARTY OR ATTORNEY.—Cases reviewed and *Lindley* v. *Wallis*, 2 Or. 203, followed.

EXECUTION—RETURN—PAYMENT OF MONEY TO THE CLERK.—Subdivision 3, section 296, Hill's Code, requires a sheriff upon return of an execution to pay the money realized thereon to the clerk; *held*, in an action against the sheriff to recover the surplus realized from the sale of land over and above the sum due on a decree of foreclosure, that the complaint was demurrable which failed to allege that the

sheriff neglected or failed to pay such money to the clerk at the time his writ was returnable, and that for the want of such allegation it is to be presumed that official duty has been regularly performed.

SURPLUS MONEYS ARISING FROM SALE OF MORTGAGED PREMISES—WIDOW'S DOWER.—A wife's inchoate right of dower attaches to the surplus moneys realized upon a sale of the husband's lands upon a decree of foreclosure, and her interest in the fund will be protected against the deceased husband's creditors, but her rights cannot be litigated in an action to recover the fund in a case where she is not a party.

POSSESSION OF THE PROPERTY OF DECEASED—RIGHT OF ADMINISTRATOR.—The administrator is entitled to the possession of all the property of the deceased, both real and personal, for the purpose of administration; but the county court has power to protect the widow's dower interest in moneys in the hands of such administrator.

Polk county: R. P. BOISE, Judge.

Plaintiff appeals.  Affirmed.

This case comes here on a demurrer to the plaintiff's complaint which was sustained in the court below. The substance of the complaint is as follows: The plaintiff is the administrator of the estate of Isaac Vanhorn, deceased; that defendant is the sheriff of Polk county; that by virtue of an execution duly issued out of said circuit court, January 16, 1889, directed to such sheriff, upon a certain judgment and decree or foreclosure of said court, in favor of B. F. Smith, as executor of the estate of Wm. Burns, deceased, against Isaac Vanhorn and Melissa Vanhorn, rendered May 11, 1885, for $2,167.50, with interest thereon at the rate of 10 per cent per annum, and $200 attorney's fees, and $17.00 costs and disbursements, such sheriff, the defendant, did, on February 16, 1889, duly sell the lands described in the decree to one B. F. Smith for $2,850, a copy of which execution and return of sheriff herein is set out and made a part of the complaint as "Exhibit A"; that there was due on said execution $2,415.72 and no more; that after the payment of said $2,415.72 and the costs upon said suit of $35.30, there remained in the hands of the said sheriff, the defendant, the sum of $398.48, payable to plaintiff as such administrator; that said sale was confirmed by said court at the May term for the year 1889; that said premises at the time they were sold belonged to the estate of said Isaac Vanhorn, deceased; that said estate is unsettled, but in course of administration; that all of the personal estate has been applied and exhausted in payment of claims against the estate allowed by law, and

that there remains a large amount of claims unpaid; that there is no money or other property in plaintiff's hands belonging to said estate with which to pay these claims; that said $398.48 has long since been and is now due and owing and payable from defendant to plaintiff; that defendant neglects and refuses to pay the same, though often demanded of him by plaintiff.

The respondent filed a motion to dismiss the appeal on the ground that both the respondent and his attorney at the time of the service resided in Polk county.

*Butler & Townsend,* and *W. D. Fenton,* for Appellant.

An executor or administrator is entitled to the possession and control of the estate for the purposes of administration. (*Leonard* v. *Grant,* 8 Or. 276.)

The plaintiff as administrator was entitled to the surplus after the satisfaction of the writ for the purposes of administration. (1 Woerner's Law of Administration, p. 596; *Vincent* v. *Platt,* 5 Har. 169; *Varnum* v. *Meserve,* 8 Allen, 158; 1 Hill's Code, §§ 1120, 296, sub. 5; *Schneider* v. *Sears,* 13 Or. 70; *Sawyer* v. *Dozier's Heirs,* 5 Ired. 97; *State ex rel. Graves* v. *Reed,* 5 Ired. 357; 2 Freeman on Ex. § 448.)

The Code allows the sheriff to be sued. (1 Hill's Code, § 7.)

If there is a remedy by motion, it is merely cumulative. (*De la Garza* v. *Booth,* 28 Tex. 478, 91 Am. Dec. 328.)

*Daly, Sibley & Eakin,* for Respondent.

The surplus remaining after the debt was paid was real estate and cannot be recovered by the administrator. (*Dunning* v. *Ocean Nat. Bank,* 61 N. Y. 497, 19 Am. Rep. 293; *Moses* v. *Murgatroyd,* 1 Johns. Ch. 119, 7 Am. Dec. 478; *Bogert* v. *Furman,* 10 Paige Ch. 496.)

The statute requires the sheriff to pay money made on execution to the county clerk, and it is not shown that he failed to perform that duty. (1 Hill's Code, subd. 3, § 296.)

STRAHAN, C. J.—1. The first question presented is the respondent's motion to dismiss the appeal. The objection taken is that both the respondent and his attorney resided in Polk county at the time of the service, and that the

notice was served on the respondent personally and not on his attorney. This question has arisen in this court several times, and it is to be regretted that the decisions on the subject are not entirely uniform. Section 531, Hill's Code, provides: "When a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence be known; if not known, on the clerk for him. When a party, whether absent or not from the state, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney, if he reside in the county where the action or suit is pending, instead of the party, and not otherwise." But this section must be construed in connection with section 537, which provides: "An appeal shall be taken and perfected in the manner prescribed in this section, and not otherwise. The appellant shall cause a notice to be served *on the adverse party,*" etc. *Lindley* v. *Wallis,* 2 Or. 203, is the earliest reported case on the subject. It was there held that service of notice of appeal may be made either upon the party or upon his attorney of record residing in the county where the trial was had; outside of the county, the service can only be made upon the party. This construction was followed by UPTON, J., upon the circuit in *Carr* v. *Hurd,* 3 Or. 160. It was again followed in *Rees* v. *Rees,* 7 Or. 78. In *Watts* v. *Hoyt,* appendix to Session Acts, 1872, p. 333, this court again followed *Lindley* v. *Wallis;* the court, per McARTHUR, J., saying: "The rule of practice followed in this case appears to be so obvious and so well established that we feel justified in indulging the hope that all misconceptions in relation thereto will be of rare occurrence in the future." I have been unable to find this case elsewhere reported. The only reported expressions of this court which are directly opposed to these authorities are found in *Shirley* v. *Burch,* 16 Or. 1. In passing on the question as to who might give a notice of appeal, THAYER, J., disapproved the rule of practice announced in *Lindley* v. *Wallis, supra;* but this was not necessary to the decision of that case. It was

only referred to by way of illustrating the particular question then before the court. Besides, it is believed that whatever may be the individual views of the members of this court in relation to the proper construction of these provisions of the Code, it has already been settled by the cases cited declaring a rule of practice which ought not to be departed from. On a mere question of practice, it is better that it should be fixed and settled even though the grounds of the opinion may not be so manifest. The construction which was adopted at an early period of our judicial history is convenient in practice, affects no one's rights injuriously, has become well understood by the profession, and will be adhered to. It was said on the argument that there are some unreported cases at variance with these views. We have not had the opportunity of looking into those cases or of examining the grounds upon which the decisions proceeded; but we feel constrained to say that if they are at variance with *Lindley* v. *Wallis, supra,* they must be regarded as overruled. The respondent's motion to dismiss the appeal cannot, therefore, prevail.

2. This leaves the question presented by the demurrer to the complaint to be disposed of. The object of the action is to recover the amount realized from the sale of the property of plaintiff's intestate over and above the amount of the decree made in the forclosure suit. Subdv. 3, section 296, Hill's Code, directs that upon the return of the execution, the sheriff shall pay the proceeds of the sale to the clerk. There is no allegation in the complaint that the defendant failed to perform that plain duty. In the absence of some allegation by the plaintiff to the contrary, the ordinary presumption must prevail that official duty has been regularly performed. (Subdv. 15, § 776, Hill's Code.) Upon the argument there was considerable discussion whether a demand was necessary before the commencement of the action. The rule seems to be, where the officer cannot exonerate himself by the payment of the money into court, a demand is necessary. (Murfree on Sheriffs, § 962; *Sims* v.

*Anderson,* 1 Hill, S. C. 394; *Church* v. *Clark,* 1 Root, 303; *De la Garza* v. *Booth,* 28 Tex. 478, 91 Am. Dec. 328.) But the decision of this question is unnecessary for the reasons already suggested.

3.   Defendant's counsel suggested that the plaintiff in his representative capacity was not entitled to the money sought to be recovered for the purposes of administration, for the reason that the same is to be regarded as land and the widow of the estate would be entitled to dower therein. The better view is that the wife's inchoate right of dower in the husband's lands follows the surplus moneys raised by a sale in virtue of the power of sale in a mortgage executed by her with her husband, and will be protected against the claims of her husband's creditors. (*Vartie* v. *Underwood,* 18 Barb. 561.) She has a dower in the surplus as she had in the land before sale. (*Mathews* v. *Duryee,* 45 Barb. 69.) But this right of the widow to dower in this money in no manner interferes with the right of the administrator to the possession and control of the property of the deceased, both real and personal, and to receive the rents and profits thereof until the administration is completed or the same is surrendered to the heirs or devisees by order of the court or judge thereof. (Hill's Code, § 1120.) No doubt the county court of Polk county will at the proper time make the necessary orders in respect to this fund to fully secure her dower interest in this fund; and if an order should be made which injuriously affects her interests, it will be time enough for her to complain. In any event, the sheriff does not represent her interests, nor can her rights be litigated in this case. If the plaintiff shall hereafter apply to the county clerk of Polk county for this money and fail to receive it, he will then be entitled to such remedy as the law affords in such case against the defaulting officer. But in this action the court is unable to afford him any relief.

Let the judgment be affirmed.