[Argued November 28; decided December 31, 1894.]

26  445
28  343
28  442
26  445
47  160

## LEWIS & DRYDEN PRINTING CO. *v.* REEVES.

[S. C. 38 Pac. 622.]

APPEAL FROM JUSTICE COURT—SERVICE OF NOTICE—ADVERSE PARTY.—CODE, ¿ 2119.—A notice of appeal from a judgment in a justice's court may be served on either the respondent or the person who appeared for him in the action, if such person resides within the county where the trial was held; either is the "adverse party" within the meaning of section 2119 Hill's Code: *Carr* v. *Hurd,* 3 Or. 160, and *Butler* v. *Smith,* 20 Or. 126, approved and followed.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is an action brought by the Lewis & Dryden Printing Company against Sophia Reeves in the Justice's Court for the District of Salem, to recover the amount due upon a promissory note alleged to have been executed and delivered by the defendant to it. Issues having been joined, a trial was had resulting in a judgment for the plaintiff, from which the defendant attempted to appeal by serving a notice thereof upon John A. Carson, Esq., the attorney who prosecuted said action for the plaintiff. She also filed an undertaking on appeal, which was approved by the justice, and, the transcript having been filed in the circuit court, the plaintiff's counsel moved, upon a special appearance for that purpose, to dismiss the appeal. This motion was overruled by the court, and, the plaintiff refusing to proceed further in the action, a judgment of nonsuit was rendered against it, from which it appeals.

AFFIRMED.

For appellant there was a brief by *Messrs. Snow & Mc-Camant* and *John A. Carson*, and an oral argument by *Mr. Carson.*

For respondent there was brief by *Messrs. Tilmon Ford* and *William M. Kaiser*, and an oral argument by *Mr. Ford.*

Opinion by MR. JUSTICE MOORE.

The only question here presented is whether, upon an appeal from a judgment rendered in a justice's court, the notice thereof is effectual when served upon the person who acted as attorney in prosecuting or defending the action for the adverse party. The statute in relation to the manner of taking an appeal from a judgment given in a justice's court, provides that "an appeal is taken by serving a notice thereof on the adverse party, and filing the original, with the proof of service indorsed thereon, with the justice, and by giving the undertaking for the costs of the appeal as hereinafter provided": Hill's Code, § 2119. In *Carr* v. *Hurd*, 3 Or. 160, the Circuit Court of Multnomah County, in November, eighteen hundred and sixty-nine, held that a notice of appeal from a judgment rendered by a justice of the peace might be served either upon the party, or on the attorney who appeared for him in the action, if such attorney resided in the county where the trial was had. In *Byers* v. *Cook*, 13 Or. 297, 10 Pac. 417, it was held that a person appearing for a party to an action in a justice's court did so more as counsel than as an attorney, and was not thereby substituted for the party, and that in taking an appeal from a judgment rendered in such court it was unnecessary for the appellant to serve the notice of appeal upon the respondent's attorney. There is nothing in this decision in conflict with the rule announced in *Carr* v. *Hurd*. The notice of appeal having been served upon the respondent was sufficient to confer jurisdiction,

and hence it was unnecessary to serve it upon his attorney.   In *Odell* v. *Gotfrey*, 13 Or. 466, 11 Pac. 190, following the decision of *Herman* v. *Kyle*, (in which no opinion was written,) it was said that the justice's code was complete in itself upon the subject of appeal, and commenting upon the right of a justice of the peace to permit an appellant to file an undertaking upon appeal after the expiration of the time allowed by law therefor, in accordance with the provisions of subdivision 4 of section 527 of the Civil Code, (Hill's Code, § 537,) the court held that said subdivision was intended to govern the practice in appeals from the "judgments and decrees" of courts of record, and was not applicable to justices' courts because such courts are not competent to render a decree; thus impliedly holding that but for the word "decrees," the sections of the statute in relation to appeals from justices' and circuit courts might be construed in *pari materia.*

In taking an appeal from a judgment or decree rendered in the circuit court, the statute provides that "the appellant shall cause a notice to be served on the adverse party, and file the original, with proof of service indorsed thereon, with the clerk where the judgment or decree is entered": Subdivision 1, § 537, Hill's Code.   It is also provided that "notices shall be in writing, and notices or other papers shall be served on the party or attorney in the manner prescribed in this title, where not otherwise provided by this Code" (Code, § 526); and "when a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence be known; if not known, on the clerk for him.   When a party, whether absent or not from the state, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney, if he resides in the county where the action or suit is pending, instead of the party, and not otherwise": Code, § 531.   It has been re-

peatedly held, however, in utter disregard of these plain
provisions of the statute, that the service of a notice of
appeal may be made either upon the party or upon his
attorney of record residing in the county where the trial
was had, but that when the attorney resides outside of
the county, the service can be made only upon the adverse
party: *Lindley* v. *Wallis*, 2 Or. 203; *Rees* v. *Rees*, 7 Or. 78.
In *Butler* v. *Smith*, 20 Or. 126, 25 Pac. 381, STRAHAN, C. J.,
commenting upon these and other decisions on the sub-
ject, approves that of *Carr* v. *Hurd*, 3 Or. 160, and says:
"On a mere question of practice it is better that it should
be fixed and settled, even though the grounds of the
opinion may not be manifest.  The construction which
was adopted at an early period of our judicial history is
convenient in practice, affects no one's rights injuriously,
has become well understood by the profession, and will be
adhered to."   The statute provides that "any person may
act as attorney for another in a justice's court, except a
person or officer serving any process in the action or pro-
ceeding, other than a subpœna" (Hill's Code, § 2173); and,
as applicable to this provision, UPTON, J., in *Carr* v. *Hurd*,
observes that "there are not the same safeguards against
misapprehension or negligence on the part of persons who
appear there as attorneys as there are in courts of re-
cord."   A justice's court is, and ever should be, the forum
of the people of a neighborhood, where actions involving
small demands could and should be easily, cheaply, and
speedily determined.   The pleadings should be simple,
and no rigid technical rules of practice should be allowed
to govern its procedure.   There persons understanding
common business methods have by the statute very prop-
erly been permitted to appear as attorneys for the litigant
parties, and to prosecute and defend actions, and the party
entering such courts, either voluntarily or by virtue of pro-
cess, and adopting this easy method of securing speedy

justice, ought to be bound by the service of notices and other papers in the action when made upon the person whom he elects to represent him, as well as upon himself. Vacillating courts are very dangerous to the rights of persons, and when a line of decisions has been adopted and become a rule of property or of practice it should not be lightly changed.   In the case at bar, while the statute may not in direct terms authorize the mode of service pursued, the rule of practice as announced in *Carr* v. *Hurd*, has been too long established and followed in this state to be overturned now, and hence there was no error in overruling the motion to dismiss the appeal or in rendering the judgment, which is affirmed.

AFFIRMED.

---

[Decided December 31, 1894; rehearing denied.]