Decided December 9, 1895.

HUGHES v. CLEMENS.
[42 Pac. 617.]

1. APPEAL FROM JUSTICE COURT—SERVICE OF NOTICE—PRESUMPTION.—It will be presumed by the appellate court in support of a return of service of notice of appeal from a judgment of a justice of the peace, that the attorney for the respondent upon whom the service was made was a resident of the county, where nothing to the contrary appears in the transcript on appeal: *Roy* v. *Horsley*, 6 Or. 270; *Bennett* v. *Minott*, 28 Or. 339, approved and followed.

2. FILING OF TRANSCRIPT ON APPEAL FROM JUSTICE COURT.—A transcript from a justice's court may be filed with the clerk of the circuit court immediately after the appeal has been allowed by the justice without allowing any time for excepting to the sureties on the appeal bond, or for such sureties to justify if excepted to.

APPEAL from Marion: GEORGE H. BURNETT, Judge.

This is an appeal from the judgment of the circuit court dismissing an appeal from a judgment rendered by the recorder of the City of Salem, holding court as a justice of the peace *ex officio*. The record shows that on October fourth, eighteen hundred and ninety-three, a judgment having been rendered against the defendant in said justice's court, a notice of appeal therefrom was served, and filed on the next day, and an undertaking therefor having been filed on the day following, the appeal was allowed, and on the ninth day of that month a transcript of the cause was filed in the office of the clerk of the circuit court; that on the date last mentioned the plaintiff filed with the

justice exceptions to the sufficiency of the surety in the undertaking, and on the same day moved the circuit court to dismiss the appeal, assigning as reasons therefor the insufficient service of the notice and premature filing of the transcript. No order on this motion having been made, the defendant, on the following day, by leave of court, withdrew the transcript, returned it to the justice, and on the twenty-third day of the same month served and filed another notice of appeal, together with a new undertaking, and obtained an order allowing the second appeal. On the third day of the succeeding month the transcript was refiled with the clerk of the circuit court, and thereafter the court, on plaintiff's motion, dismissed the appeal, and the defendant appeals. It is contended by the defendant that the first appeal was not perfected, so that in abandoning it he did not preclude himself from a new appeal; and that, having taken the second appeal within the time prescribed by law, the court erred in dismissing it.                    AFFIRMED.

For appellant there was a brief by *Messrs. Bonham and Holmes* and *George W. Hollister,* with an oral argument by *Mr. William H. Holmes.*

For respondent there was a brief by *Messrs. George G. Bingham, D'Arcy and Richardson,* and *Seth R. Hammer,* with an oral argument by *Messrs. Bingham* and *Peter H. D'Arcy.*

Opinion by MR. JUSTICE MOORE.

1. The motion to dismiss the original appeal being based on an alleged improper service of the notice renders an examination of the proof of service in-

28 Or.—31.

dorsed thereon important. The return of the officer who made the service is as follows: "State of Oregon, County of Marion, *ss.* This is to certify that I served the within notice of appeal by delivering a true copy thereof, prepared and certified to by me as marshal of the City of Salem, Oregon, and *ex officio* constable, to Seth R. Hammer, one of the attorneys for the respondents; that I served the said notice of appeal on the said Seth R. Hammer in person and personally within the city, county, and state aforesaid, on the fifth day of October, eighteen hundred and ninety-three. Dated at Salem, Oregon, October fifth, eighteen hundred and ninety-three. (Signed), H. P. Minto, marshal of the City of Salem, Oregon, and *ex officio* constable." The statute requires that the notice shall be served on the adverse party, but it has been repeatedly held that a notice of appeal from a judgment rendered by a justice of the peace might be served either upon the adverse party or on the attorney who appeared for him in the action, if such attorney be a resident of the county in which the trial was had: *Carr* v. *Hurd,* 3 Or. 160; *Butler* v. *Smith,* 20 Or. 126 (25 Pac. 381); *Lewis Printing Company* v. *Reeves,* 26 Or. 445 (38 Pac. 622). It will be observed that the proof of service does not show that Seth R. Hammer, upon whom the notice of appeal was served, was a resident of Marion County, but the transcript discloses that he was one of the attorneys for the plaintiffs at the trial, and, nothing appearing to the contrary, it will be presumed that he was a resident of the county in which he appeared as counsel: *Roy* v. *Horsley,* 6 Or. 270; *Bennett* v. *Minott,* 28 Or. 339 (39 Pac. 997). It is not contended that H. P. Minto, as marshal of the City of Salem and *ex officio* constable of that district, was not a proper officer to serve and indorse his certificate thereof on the notice of appeal,

and hence it follows that the original notice was properly served, and the proof thereof sufficient.

2. The most important question presented for consideration is whether the first appeal was perfected when the transcript was withdrawn from the circuit court. This inquiry involves an examination of the statute in relation to the mode of taking and perfecting an appeal from a judgment given in a justice's court. The statute, in general terms, provides that the appeal may be taken within thirty days from the entry of the judgment, by serving a notice thereof on the adverse party, and filing the original, with proof of service indorsed thereon, with the justice, and by giving an undertaking with one or more sureties, who must have the qualifications of bail upon arrest, and, if required by the adverse party, must appear before the justice at a time and place appointed for that purpose, and be examined on oath touching their sufficiency, in such manner as the justice in his discretion may think proper. If required by the adverse party the examination shall be reduced to writing and subscribed by the sureties. When an appeal is taken the justice must allow the same, and make an entry thereof in his docket, and, on or before the first day of the term of the circuit court next following the allowance of the appeal, the appellant must file with the clerk of the appellate court a transcript of the cause, upon the filing of which the appeal is perfected, and thereafter the circuit court has jurisdiction of the cause as if originally commenced therein. When an appeal is dismissed the appellate court must give judgment as it was given in the court below, and against the appellant for costs and disbursements of the appeal; but an appeal cannot be dismissed on the motion of the

respondent, on account of the undertaking therefor being defective, if the appellant, before the determination of the motion to dismiss, will execute a sufficient undertaking, and file the same in the appellate court: Hill's Code, §§ 119, 2117–2129.

The undertaking having been given and the appeal allowed, the transcript was filed with the clerk of the circuit court on the first day of the term of said court next following the allowance of the appeal, thereby transferring the cause to and conferring jurisdiction upon the circuit court, unless the plaintiffs' exception to the sufficiency of the surety rendered the filing at that time premature. In an appeal taken to this court from a judgment or decree rendered in the circuit court, the adverse party is allowed five days after the filing of the undertaking to except to the sufficiency of the sureties therein, and if no exception be taken within that time, his right to except thereto shall be deemed waived; and from the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected: Hill's Code, § 537. But the statute relating to appeals from judgments given in a justice's court does not contain this provision. It provides, however, for the manner of obtaining the justification of sureties in an undertaking on appeal, but does not prescribe the time within which exceptions may be taken by the adverse 'party to their sufficiency; and, in the absence of such regulation, a reasonable time would doubtless be granted for that purpose, unless the transcript in the mean time had been filed with the clerk of the circuit court. The appeal being perfected by the filing of the transcript, the cause no longer remains in the justice's court, and it would be useless to file in that court exceptions to

the sufficiency of the sureties, for the justice would be powerless to secure the transcript for the purpose of obtaining their justification, without the consent of the circuit court. The only injury that could result to an adverse party from this interpretation of the statute would be the possibility of the justice accepting an insufficient undertaking on appeal and granting a stay of proceedings, but the statute has provided a remedy in part for this possible error by providing that the judgment creditor, when the judgment has been given for money in an action on a contract for the payment of money, may give an undertaking and enforce the judgment, notwithstanding the appellant's undertaking for a stay of proceedings: Code, § 2124. So, too, the appellant, by leave of the court, before a motion to dismiss the appeal has been determined, may file a new undertaking, if the original be defective, and by doing so he will protect the adverse party and secure to himself a trial of the action on its merits. The statute not having prescribed the time in which exceptions should be taken to the sufficiency of sureties on an appeal from a justice's court, but having provided that a new undertaking may be given in the circuit court, leads us to believe that a transcript from a justice's court may be filed with the clerk of the circuit court immediately after the appeal has been allowed by the justice. The original appeal having been perfected by the filing of the transcript, the appellant, after abandoning it, could not take another, (*McCarty* v. *Wintler,* 17 Or. 391, 21 Pac. 195; *Nestucca Wagon Road Company* v. *Landingham,* 24 Or. 439, 33 Pac. 983,) but, having done so, there was no error in dismissing the second appeal, and hence it follows that the judgment is affirmed.                                      Affirmed.