Argued March 30; decided April 18, 1898.

**GOBBI v. REFRANO.**

[ 52 Pac. 761 ]

1. APPEAL FROM JUSTICE'S COURT—NEW UNDERTAKING—Where an appellant filed with the justice of the peace in due time his undertaking on appeal sufficient in form, but by a mistake of the attorney one of the sureties did not appear and justify after being excepted to, and an application is made to the circuit court for leave to file a new undertaking, it should be granted and the case held for trial, under Hill's Ann. laws, § 2129 : *Hosford* v. *Logus*, 13 Or. 130, and *Hughes* v. *Clemens*, 28 Or. 440, cited.

2. QUASHING EXECUTION SALE—An execution issued on a transcript from a justice's court will be quashed, and a sale thereunder set aside, where the judgment recovered on an appeal was paid before the sheriff's deed had issued, for the judgment of the lower court had become merged into the one rendered by the circuit court, which was already paid.

From Multnomah : ALFRED F. SEARS, Judge.

Action by Barney Gobbi against M. Refrano for $213, wherein plaintiff had judgment in the justice's court for

$170.  On appeal plaintiff had judgment for $54, which was paid.  Plaintiff appeals from certain rulings which are fully set forth in the opinion.

AFFIRMED.

For appellant there was a brief over the names of *Davis, Gantenbein & Veasie* and *Caples & Allen,* with an oral argument by *Mr. Arthur L. Veasie.*

For respondent there was a brief and an oral argument by *Mr. Julius C. Moreland.*

MR. JUSTICE BEAN delivered the opinion.

The plaintiff recovered a judgment in a justice's court, from which the defendant appealed to the circuit court by serving and filing his notice of appeal and undertaking in due form, within the time required by law.  Exceptions having been filed to the sufficiency of the surety on the undertaking, the defendant gave notice that he would produce him before the justice on a day named to justify, but failed, owing to a mistake of his counsel. He thereafer filed a transcript in the circuit court, and applied to that court on motion, supported by an affidavit, for leave to file a new undertaking on the appeal. The court, being satisfied with the showing made, allowed the application, and, a motion of the plaintiff to dismiss the appeal for want of jurisdiction having been overruled, a trial was had, and the judgment from which the appeal was taken materially reduced.  Prior to the appeal, however, the plaintiff filed a transcript of the judgment in the office of the clerk of the circuit court, and, by virtue of an execution issued thereon, certain real property belonging to the defendant was seized and sold to the plaintiff after the appeal had been taken, and the sale was confirmed before the case was tried on such appeal.

After the trial in the circuit court, the defendant paid into court the amount of the judgment and costs rendered against him, and thereupon filed a motion to have the sale referred to annulled and set aside ; but before the determination of this motion 'the plaintiff procured a sheriff's deed for the property so purchased by him. The defendant thereupon filed a supplemental petition reciting this fact, and asking, in addition to annulling the sale, that the deed be adjudged void. Upon the hearing an order was made canceling the judgment recovered in the justice's court, a transcript of which was on file in the circuit court, and vacating the sale thereunder, for the reason that such judgment had become merged in the one rendered by the circuit court, which had been fully satisfied. From these rulings of the circuit court the plaintiff appeals, claiming — First, that it never acquired jurisdiction because of the failure of the surety on the undertaking for the appeal from the justice's court to justify after exceptions to his sufficiency had been duly filed ; and, second, that it had no power or authority to set aside the sale made under the execution issued on the judgment of the justice's court.

1. Both of these alleged errors are summed up in the contention that the filing, within thirty days from the entry of the judgment, of an undertaking for costs, with surety or sureties who, if expected to, justify in the manner prescribed by law, is a condition precedent to the jurisdiction of the circuit court on an appeal from a justice's court. In other words, that although a party to a judgment in a justice's court may serve and file with the justice, within the time required, his notice of appeal and undertaking in due form, with an affidavit of the sureties attached thereto showing that they possess the qualifications of bail on arrest, he loses the benefit of such appeal

if the sureties fail for any reason to justify when excepted to, and the appellate court is powerless in such a case to allow him to file a new undertaking. We cannot concur in this view. An appeal from a justice's court is taken by serving a notice on the adverse party and filing the original, with the proof of service indorsed thereon, with the justice, and by giving an undertaking for the costs of the appeal within a certain specified time (Hill's Ann. Laws, § 2119); and it has been held that the filing of an undertaking within the time specified is jurisdictional (*Odell* v. *Gotfrey*, 13 Or. 466, 11 Pac. 190). But there is no question in this case as to the defendant's compliance with these requirements. His notice of appeal was served and filed with the proof of service indorsed thereon, and an undertaking in due form for the costs of the appeal given within the time specified, and the only defect in the proceedings is that by an excusable mistake the surety failed to appear and justify after having been excepted to. To deny him the right to file a new undertaking under such circumstances, and turn him out of court, would neither comport with the spirit of liberality which has always characterized the rulings of the court in matters of this kind, nor conform to the provisions of section 2129 of the statute, which declares that an appeal cannot be dismissed on the motion of the respondent on account of a defective undertaking, if the appellant, before the the determination of the motion, will execute a sufficient undertaking, and file the same in the appellate court, upon such terms as may be just, and would be contrary to the theory upon which the judgment in *Hughes* v. *Clemens*, 28 Or. 440, (42 Pac. 617) proceeds, and inconsistent with the ruling in *Hosford* v. *Logus*, 13 Or. 130, (11 Pac. 900).

2. This disposes of the other question in the case. The circuit court having acquired jurisdiction, the judgment of the justice's court necessarily merged in that rendered by it, and the satisfaction of the latter operated as a satisfaction of the former. And as the execution under which the sale was made issued out of the circuit court, and the plaintiff therein was the purchaser, such court had the power to withdraw or quash such execution, and set aside the sale, on motion made, before it ripened into a title : *Day* v. *Graham*, 1 Gilman, 435 ; *Jenkins* v. *Merriweather*, 109 Ill. 647 ; 1 Freem. Exns, § 76. Hence there was no error in ordering that the judgment be satisfied of record and the sale thereunder annulled.

　　　　　　　　　　　　　　　　　　　　　　　Affirmed.