STATE EX REL. BRINDJONC, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,089.)

(Submitted December 3, 1932. Decided December 24, 1932.)

[17 Pac. (2d) 1094.]

*Mr. John K. Claxton* and *Mr. A. C. McDaniel,* for Relator, submitted an original and a reply brief and argued the cause orally.

*Mr. Harry Meyer,* for Respondents, submitted a brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In 1927 Mabel Brindjonc secured from the district court of Silver Bow county a decree awarding her $150 per month as separate maintenance, to be paid by relator, Eugene F. Brindjonc. In December, 1932, counsel for Mrs. Brindjonc caused execution to be issued against relator for $2,535 as defaulted payments, and thereon $938 on deposit to relator's credit was seized.

Relator filed written notice to vacate the execution on the ground that nothing was due on the judgment. He alleged, in effect, that in October, 1931, being in default to the extent of $2,000, he gave, and Mrs. Brindjonc accepted, a note and mortgage on his home in Butte in satisfaction of the full amount due, and in March, 1932, delivered to her a paid-up

insurance policy of the value of $1,500, which more than paid all that was due at the time the execution was issued. Issue was joined by the filing of Mrs. Brindjonc's affidavit contradicting relator's allegations, and a hearing was duly had. Relator testified that the mortgage was given in satisfaction of past-due installments, but that the mortgage was not executed until March, 1932, and, as further defaults had accumulated, counsel for Mrs. Brindjonc insisted upon the note and mortgage being executed for $2,500.

Mrs. Brindjonc resides in California and was not present; her counsel, Harry Meyer, Esq., testified on her behalf that, from October, 1931, to March, 1932, he sought to secure the note and mortgage on the insistence of Mrs. Brindjonc that relator had, over a period of more than ten years, borrowed various sums from her, totaling over $4,000, and that he advised Brindjonc of the purpose of the mortgage, and the latter agreed to execute the instruments for that purpose, and did so. Asked by the court whether the note and mortgage had anything to do with "alimony," past or future, the witness replied, "No, sir." Checks made payable to relator, and indorsed by him, totaling more than the amount of the note and mortgage, were introduced in evidence.

The court made findings to the effect that, at the date of the execution, there was due from relator to his wife, $2,925, on which he was not entitled to credit for the amount of the mortgage, "not being payment in money as decreed, and the disputed facts being more subject to an adjudication by a court and jury rather than in this matter." A similar finding was made as to the insurance policy.

The motion to vacate was denied, whereupon counsel for ██ Brindjonc applied to this court for a writ of supervisory control, and this court, deeming that the trial court had erred within jurisdiction, issued its order to show cause directed to the district court, requiring it to determine the questions presented to it by the testimony, or show cause why it did not do so. The return filed shows that, after service upon it of the order, the district court reconsidered the matter,

gave relator credit for the $1,500 collectible on the insurance policy, and again denied the motion to vacate the execution on the .ground that the mortgage was given neither as satisfaction of past delinquencies under the separate maintenance decree nor for antecedent debt, but was ''given and accepted * * * as security that the defendant would thereafter make prompt payment'' of not less than $100 per month. The matter is before us on the return for determination as to whether or not the writ of supervisory control should issue.

There is no evidence in the record supporting the last finding of the court; its only justification is found in the affidavit of Mabel Brindjonc, which the court declared to constitute a pleading by way of answer to the application, and which was not admitted in evidence for that reason. Clearly, the court again erred within jurisdiction.

If the finding was sustainable, Mabel Brindjonc would be compelled to exhaust the security before having recourse to the general assets of the relator, at least with respect to delinquencies after the date of the mortgage. (*State Savings Bank* v. *Albertson*, 39 Mont. 414, 102 Pac. 692; *Barth* v. *Ely*, 85 Mont. 310, 278 Pac. 1002.)

If the evidence was undisputed, as asserted by relator, there would be nothing due to his wife, and the court should have recalled the execution. (*Dorland* v. *Hanson*, 81 Cal. 202, 22 Pac. 552, 15 Am. St. Rep. 44; *Buell* v. *Buell*, 92 Cal. 393, 28 Pac. 443; *Gobbi* v.*Refrano*, 33 Or. 26, 52 Pac. 761.)

However, as hereinabove pointed out, the evidence was in sharp conflict; relator declared that the note and mortgage were given in satisfaction of past-due installments, pursuant to agreement between the parties; counsel for Mrs. Brindjonc testified that the negotiations were had between himself and relator, and that relator agreed to execute the instruments in settlement of antecedent indebtedness. These two were the only witnesses testifying. It is obvious that this court cannot determine the matter on the record; this is the duty of the district court which saw the witnesses on the stand and is in a position to determine the question of veracity as between them.

The writ will issue commanding the district court of Silver Bow county to decide the question presented, and, if a finding is made that the note and mortgage to which reference is made were given in satisfaction of installments due and past due at the date thereof, to recall the execution and release the money held thereunder. (Compare *State ex rel. Cotter* v. *District Court*, 49 Mont. 146, 140 Pac. 732.)

ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

MR. CHIEF JUSTICE CALLAWAY: I dissent. In my judgment, the issuance of a writ of supervisory control in this case is without precedent and unwarranted.

Rehearing denied January 18, 1933.