Bigelow v. Gove.

---

## BIGELOW *et al. v.* GOVE *et al.*

A complaint which joins an action of "*trespass quare clausum fregit,*" ejectment, and prayer for relief in chancery, will be held bad on demurrer. To sustain such a complaint would be subversive of all the rules of pleading.

This Court will not resort to the rules of construction, to determine the species of relief demanded.

APPEAL from the District Court of the Fourteenth Judicial District, in the County of Sierra.

This was an action by the members of the Bigelow Mining Company against the Cold Spring Mining Company. The first count in the complaint averred that the plaintiffs, being in the quiet possession of certain mining-premises, the defendants, with force and violence, took forcible possession thereof, and extracted therefrom a large amount of gold, to the damage of plaintiffs, in the sum of twenty thousand dollars.

2. That the defendants were adverse claimants, and wrongfully withheld possession of a portion of the premises trespassed upon, and engaged in taking therefrom large quantities of gold, etc. That the defendant's acts were irreparable, and that they were insolvent, and without the interference of the Court, by injunction, the complainants were remediless in the premises, etc.

The prayer of the complaint comprehended an injunction to restrain defendants from working the claim during the litigation, the appointment of a receiver to work and control the claim, judgment for damages, and a restitution of a portion of the premises. The demurrer interposed by defendants in the Court below was overruled, and the case tried. Plaintiffs had a verdict for five thousand dollars, and defendants appealed.

*Dunn & Meredith* for Appellants.

The action of ejectment and of trespass are united in one complaint, and while plaintiffs sue for possession or recovery of a given parcel of ground, they likewise sue for twenty thousand dollars damages for trespass or injury upon such parcel, and other ground.

Appellants contend that the complaint in the case contains an action in ejectment for recovery of certain premises, and at the same time an action for damages for trespass or injury upon those premises, and other and distinct premises. Is such practice proper or permissible under our statute? In Comp. Laws of Cal., p. 529, § 64, we find that the plaintiff may unite several causes of action, provided all the causes so united belong to the same one, and only to one, of the seven classes defined in that section. The complaint in this case, so far as it is one in ejectment, sets forth a cause of action evidently belonging to the second class, defined in the said sixty-fourth section of the Practice Act, to wit: " claims to recover specific real property, with or without damages," for unlawful occupancy, or for waste, etc. So far as the complaint is one for damages for trespass on the mining-ground, other than that the recovery of which is sued for, the cause of action is for injury to property, and belongs to the seventh class, as separated and defined by the sixty-fourth section aforesaid. The complaint in this case is bad for duplicity, and the demurrer should have been sustained.

*Platt and Clark* for Respondents.

" The complaint is specific, explicit, and certain."

The causes of action in the complaint are properly joined. Compiled Laws, page 529 ; 4 Cal. R., 291.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The Court below erred in overruling the demurrer to the

declaration, which improperly joins an action of trespass *quare clausum fregit,* ejectment, and prayer for relief in chancery.

We have never held parties to a very nice strictness in pleading, but at the same time it has always been our earnest desire that some formality should be observed, and we think that the pleadings in a cause should show clearly and affirmatively the relief demanded. A Court should not be compelled to resort to rules of construction to determine what is meant by the party, or whether he may have possibly intended to pursue one remedy, or another and a different one.

To maintain the present complaint, would be subversive of all rules of pleading, and encourage carelessness and uncertainty.

Judgment reversed, with leave to the plaintiff to amend.