Dennison *v.* Story.

Ami P. Dennison, Plaintiff in Error, *v.* George L. Story, Defendant in Error.

*Error to Multnomah.*

1. This court will, where an officer is known and recognised as having authority, presume that the act was done within his jurisdiction.
2. A deputy, or agent, must transact business in the name of his principal.
3. Service of notice by deputy sheriff, in his own name, insufficient.

*W. W. Page,* for plaintiff in error.

*D. Logan,* for defendant in error.

Boise, J. There are several grounds of error assigned in this case, but only two are insisted upon by the plaintiff in error. The first is, that there is no venue to the affidavit verifying the complaint. It is true, that it should appear, in

Dennison *v.* Story.

some way, that the officer administering the oath had authority, by showing that the act was done within his local jurisdiction. And in this case, the question is, does that appear?

It has been a rule of practice in this country, for the courts to take official knowledge of the existence and qualifications of the officers having authority to administer oaths within the particular judicial district in which such officer resided and had authority; and the court are of opinion, that when a verification to a pleading is taken by a known and recognised officer, having authority within the district, in a cause pending in such district, it is to be presumed that such verification was taken within the local jurisdiction of such officer; for otherwise, we must presume that such officer has violated his official obligations by exercising his functions without his jurisdiction. We therefore think the verification sufficient in this particular. The second ground of error insisted upon is, that the service of process was not sufficient to entitle the plaintiff in the court below to a judgment by default.

The return of service is in these words:

"*Dalles, Wasco County:*

"I hereby certify that I served the within complaint, by delivering a copy of the same to A. P. Dennison, defendant, in said county, on the 20th day of May, 1858.

"A. S. CRABB, *Deputy Sheriff.*"

It is a general rule of law, that one who acts for and on behalf of another, as agent, or in any delegated capacity, must transact his business in the name of his principal.

This is a principle well settled in the law of agency.

This rule has been judiciously applied to a deputy sheriff. (*Ditch* v. *Edwards*, 1st *Scammon's Rep.* 127.) And we think the principle should be applied in this case.

Judgment reversed.