JOHN R. ROY, RESPONDENT, *v.* F. C. HORSLEY, APPELLANT.

SHERIFF—RETURN OF—PRESUMPTIONS.—The return of an officer, serving a notice of appeal, did not show in what county the service was made: *Held,* that it would be presumed that the service was made within the local jurisdiction of the officer making it, and that, the sheriff of Grant county being the officer who made the return, it would be presumed that the service was made within such county.

IDEM.—The sheriff's return upon a notice of appeal showed that service had been made upon L., the attorney of the respondent in the action, but it did not show that L. was a resident of the county within which the notice was served: *Held,* that it would be presumed that the attorney was a resident of the county in which he appeared as counsel, and in which the notice was served.

APPEAL from Grant County.

This was a motion to dismiss the appeal on the ground that the notice of appeal was not served as required by law.

The return of the officer who served the notice of appeal is as follows:

"State of Oregon, County of Grant, ss.

I hereby certify and return that I served the within notice of appeal upon the within named W. B. Laswell, on the nineteenth day of October, 1877, by delivering to him a copy thereof certified to by Geo. B. Curry, attorney for defendant.

W. P. Gray, Sheriff.

Sheriff's fees $75.                        By C. S. Pierce, Deputy."

The record disclosed the name of W. B. Laswell as the attorney of Roy, the respondent. It was contended in behalf of the motion that the return should show, first, that the service was made within the county of Grant; and, second, that Laswell, the attorney of Roy, was a resident of said county.

*L. O. Sterns and Bonham & Ramsey*, for the motion.

*James K. Kelly*, opposing the motion.

By the Court, Watson, J.:

We do not think the first objection well taken. This court decided in the case of *Dennison* v. *Story*, 1 Or. 272, that when a verification to a pleading is taken by a known and recognized officer, having authority within the district in a cause pending in such district, it is to be presumed that such verification was taken within the local jurisdiction of such officer, for otherwise we must presume that such officer has violated his official obligation by exercising his functions without his jurisdiction.

We think the same principle is applicable to the return of a sheriff. He cannot serve process except in his county. When he certifies that he did serve process, it will be presumed that such service was within his county, in the absence of proof to the contrary, rather than that he has assumed to act without his local jurisdiction; especially when,

as in this case, the venue of the return is in the proper county.

We do not think the second objection well taken. The return shows that the summons was served upon W. B. Laswell, and that it was served in the county in which the action was tried. The transcript shows that W. B. Laswell was an attorney in the action. We think it will be presumed that he was a resident in the county in which he appeared as counsel and in which the notice was served upon him. We so decided in the case of *Wolf* v. *Smith*, at the last term of this court, on a similar return.

The motion to dismiss will be overruled.