[No. 8,043.   Department Two.—July 18, 1884.]

## A. PFISTER ET AL., RESPONDENTS, v. JOHN DASCEY ET AL., APPELLANTS.

PLEADING—MISJOINDER OF CAUSES OF ACTION.—Where a purchaser of real estate at an execution sale brought an action to set aside certain conveyances alleged to have been made by the judgment debtor in fraud of creditors and purchasers, and to recover possession of the property, *held*, that there was no misjoinder of causes of action.

ID.—MISJOINDER OF PARTIES.—And where it was also sought in the same action to have an adverse claim determined, and the defendants against whom such relief was demanded disclaimed all interest in the property, and the disclaimer was accepted by the plaintiff and acted upon by the court, *held*, that the judgment should not be reversed by reason of the misjoinder.

ID.—ASSIGNEE IN INSOLVENCY.—In an action by a purchaser at an execution sale, to set aside a conveyance alleged to have been made by the judgment-debtor in fraud of creditors and purchasers, and to recover possession of the property, the assignee in insolvency of the judgment debtor is a proper party defendant.

ID.—PLEADING—ADVERSE CLAIM.—In an action to determine an adverse claim to land, an allegation that the plaintiff is informed and believes that the defendant claims some interest in the land, is insufficient.

JURY TRIAL—WAIVER.—If the parties to an action go to trial without demanding a jury, the right to a jury trial is waived.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Moore, Laine & Johnston*, for Appellants.

*Burt & Pfister*, for Respondents.

THORNTON, J.— This action was brought by plaintiffs claiming as purchasers and owners of a parcel of land, by virtue of a sale on execution issued on a judgment regularly recovered against defendant John Dascey, to set aside certain conveyances executed by said Dascey and by others claiming under him, as fraudulent and void against the plaintiffs as creditors and purchasers, and to recover possession of the parcel of land above mentioned.

The complaint was demurred to by defendants, John Dascey, Teresa Dascey, John W. Smith, and John McCallum, on the following grounds :—

"1. That the same does not state facts sufficient to constitute a cause of action against these defendants, or either of them.

" 2. That there is a misjoinder of parties defendant in this, that John McCallum, N. R. Harris, assignee of the estate of John Dascey, an insolvent, Max Greenburg, Alex. Peers, and Henry Walters, August Walters, and Charles S. Fecheimer, doing business as copartners, under the style and firm name of 'Walters & Fecheimer,' John Doe and Richard Roe, and each and all of them are joined as defendants in this action.

" 3. That three causes of action, to wit, an action to annul and set aside as fraudulent certain conveyances from John Dascey, one of the defendants herein, an action under section 738 of the Code of Civil Procedure of this State, to determine adverse claims to the real property described in said complaint, and an action of ejectment to recover possession of said land with the rents and profits thereof, have been improperly united and joined in one statement without being separately set forth as distinct causes of action.

" 4. That said amended complaint is ambiguous, unintelligible, and uncertain in this: That it cannot be told therefrom with reasonable certainty whether the action is brought to set aside certain conveyances from the defendant John Dascey, in said complaint mentioned, or is an action under section 738 of the Code of Civil Procedure of this State, to determine an adverse claim to the property therein described, or is ejectment to recover possession and rents and profits of said property.

" 5. That plaintiffs have not legal capacity to sue."

The demurrer was overruled.

It is urged that the demurrer should have been sustained on the grounds numbered two (2), three (3), and four (4).

As to misjoinder of defendants: We think Harris, the assignee in insolvency of John Dascey, was not improperly joined as a defendant. The averments as to the other defendants, Max Greenburg, etc., state no cause of action against them. The averment is not that they claim some interest in the premises, but that the plaintiffs are informed and believed that they do. This is no statement of any cause of action against them. With this ground, however, the demurrants had no concern. But as all these parties disclaimed any and all right or claim in the land in suit, which was acted upon by the court and accepted by plaintiffs, we do not think the judgment should be reversed if

they were originally improperly joined as defendants. There was no misjoinder of causes of action. As against the real defendants, John Dascey, John McCallum, John W. Smith, and Teresa Dascey, the only parties who defended the action, there was no such misjoinder.

All of the matters complained of related to the same property, were parts of one transaction and one design to defraud, and affected all the parties who defended the action. Under these circumstances, we see no reason why an action to set aside the conveyances averred to be fraudulent, and to recover possession of the land to which such conveyances related, should not be prosecuted in the same action. This is certainly permissible under our system. Resort has been frequently had to such procedure in cases of mines where an action to enjoin the working of the mines, and to recover possession of them, have been joined. (*Wilson* v. *Castro,* 31 Cal. 428 ; *Bigelow* v. *Gove,* 7 Cal. 133 ; *Weaver* v. *Conger,* 10 Cal. 233 ; *More* v. *Massini,* 32 Cal. 595 ; *N. C. & S. Co.* v. *Kidd,* 37 Cal. 282 ; *Ord* v. *Steamer Uncle Sam,* 13 Cal. 370 ; *Smith* v. *Richmond,* 15 Cal. 502 ; *Jones* v. *Steamship Cortes,* 17 Cal. 487 ; *Oakland* v. *Carpentier,* 13 Cal. 552.) In *Boone* v. *Chiles,* 10 Peters, 177, 231, the same relief was asked for and granted as was asked for in this case.

Under a system of procedure as in England, where legal and equitable remedies were administered in different tribunals, it was allowable to seek the aid of equity as ancillary to a suit at law, as to set aside a fraudulent conveyance in aid of an action of ejectment or a writ of entry. (*Ward* v. *Chamberlain,* 2 Black, 445.) Our system permits such remedies to be administered in the same forum. And a party aggrieved is not turned out of one court to obtain complete redress in another. In this regard our system is to be preferred.

Perhaps, as to the action to recover possession, the defendants may have been entitled to a jury trial. But this they did not ask for, and by not asking for it, it was waived.

The causes of action were separately stated. The complaint was sufficient in this respect. As to this there was no confusion.

If it was sought in this action to have an adverse claim determined, it only applied to the defendants whose disclaimers were accepted and acted on by the court. As far as regards the

other defendants, a demand for such relief may be treated as surplusage, and no doubt was so treated by the court below.

The other grounds of demurrer are not sustainable.

The judgment must be affirmed, and it is so ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.