## BENNETT *v.* MINOTT.

[39 Pac. 997; 44 Pac. 283.]

| | |
|---|---|
| 28 | 339 |
| 28 | 442 |
| 28 | 339 |
| 30 | 56 |
| 28 | 339 |
| 41 | 197 |
| 28 | 339 |
| f47 | 468 |

1. SERVICE OF NOTICE OF APPEAL—PRESUMPTION.—Where nothing appears in the record to show the residence of respondent's attorney it will be presumed that he resides in the county where the trial was had, (*Roy* v. *Horsley*, 6 Or. 270, approved and followed,) and that his admission of service of a notice of appeal was there made.

2. ADVERSE PARTIES—SERVICE OF NOTICE OF APPEAL.—The grantor in a conveyance of property claimed to be fraudulent as to creditors is not a necessary party to a suit to set aside such conveyance, and, as his interest cannot be affected by the result, he is not an "adverse party," and the notice of appeal need not be served on him: *The Victorian*, 24 Or. 141, cited.

3. PLEADING—WAIVER OF OBJECTIONS.—An objection to a complaint for uncertainty or indefiniteness comes too late after judgment.

4. CREDITOR'S BILL—JUDGMENT NOT NECESSARY.—A creditor need not reduce his claim to judgment before filing a creditor's bill to reach assets of his debtor which have been transferred in fraud of creditors, a lien by attachment being sufficient: *Dawson* v. *Sims*, 14 Or. 561, approved and followed.

5. CREDITOR'S BILL—FRAUDULENT TRANSFER.—Where a debtor, for the purpose of hindering and delaying creditors, organizes a corporation and transfers to it all his assets, he himself being the owner of practically all the corporate stock, and continuing the business the same after as before the incorporation, using the proceeds for his own ben-

efit, equity will set aside such transfer at the instance of creditors, notwithstanding the incorporation is valid, and the corporate stock subscribed by the debtor is subject to sale under execution. Under such circumstances a court of equity will look beyond the legal forms, and decide the case on the rights of the parties.

APPEAL from Coos: J. C. FULLERTON, Judge.

This is a proceeding by Sandford Bennett in the nature of a creditor's bill to subject to the payment of his claim certain property alleged to have been transferred by the defendant T. S. Minott to his codefendants the Coos Bay Hardware Company, a corporation, and to Lizzie H. Minott, for the purpose of hindering, delaying, and defrauding creditors. From the pleadings and evidence it appears that from the first day of August, eighteen hundred and ninety, to the eleventh day of June, eighteen hundred and ninety-two, Minott was engaged in the hardware business at Marshfield, in this state, and during that time became largely indebted to plaintiff and his assignors, and to defendants Hexter, May and Company, D. M. Osborne and Company, and other wholesale merchants, for goods sold and delivered to him. While being pressed by his creditors, he, on the latter date, caused the formation of said corporation, with a nominal capital of thirty thousand dollars, divided into three hundred shares of the par value of one hundred dollars each, of which he subscribed for one hundred and twenty shares, his wife for forty, and his attorney and a friend for one each. The corporation was subsequently organized, and Minott was elected president, general manager, and treasurer, under a contract to serve for one year at a salary of one hundred and fifty dollars per month. He thereupon assigned and transferred to the corporation his business and stock of hardware, which

was substantially all the property he owned not exempt from execution, at a valuation of about twelve thousand dollars, in payment for the shares of stock subscribed by him. In this transaction he acted both for himself as an individual and for the corporation of which he was president, general manager, and treasurer, and substantially the owner. About thirty days after the formation of the corporation he assigned and transferred to his wife, the defendant Lizzie H. Minott, all his shares in the corporation, except nine, in payment of a debt he claimed to owe her. He thereafter proceeded to do business substantially as before, but under the name of the corporation, selling and disposing of the goods, and applying the proceeds thereof to his own individual use. His creditors being unable to effect a satisfactory settlement with him, the defendants Hexter, May and Company, in August, eighteen hundred and ninety-two, attached a part of the stock of goods transferred by Minott to the hardware company, and on September sixth another part was attached by the defendants D. M. Osborne and Company, each of whom afterwards recovered judgment against Minott, containing an order of sale of the attached property. On September twenty-second, eighteen hundred and ninety-two, Baker and Hamilton duly recovered a judgment against him for two hundred and thirty-one dollars and ninety-five cents, upon which an execution was subsequently issued and returned *nulla bona*. On October twenty-second, plaintiff, for himself and as assignee of a large number of the other creditors, commenced an action and had the entire stock of goods in the possession of the hardware company attached as the property of Minott. Based upon said attachment and the judgment in favor of Baker and Hamilton, which was duly assigned to him,

the plaintiff instituted this suit to set aside the trans-fer of the stock of goods from Minott to the hardware company, and to subject it to the payment of his de-mands, together with two lots in Dean's Addition to Marshfield, which had previously been purchased by Minott, and upon his direction conveyed to his wife. A receiver was appointed, and the merchandise sold by him under the order of the court, and the proceeds thereof now await distribution. The case was after-wards tried, and a decree rendered adjudging the sale of the stock of goods by Minott to the corporation to be void as to creditors, but holding that there was no fraud as to plaintiff in the matter of the purchase of the lots in Dean's Addition, and decreeing that the money in the hands of the receiver be applied,—*first*, to satisfy the costs and expenses of the suit; *second*, to the discharge of the judgments of Hexter, May and Company and D. M. Osborne and Company; *third*, to the satisfaction of the judgment recovered by the plaintiff in the action wherein he caused said goods to be attached; and, *fourth*, to the payment of the judg-ments in favor of the Bridge and Beach Manufactur-ing Company and Baker and Hamilton. From this de-cree the hardware company and the plaintiff both ap-peal, but Minott and his wife are not made parties.

                                    AFFIRMED.


For appellant there was a brief and an oral argu-ment by *Mr. William R. Willis.*

For respondents there were briefs by *Messrs. Cox, Cotton, Teal and Minor, J. W. Bennett,* and *D. L. Watson,* with oral arguments by *Messrs. Bennett* and *Wirt Minor.*

ON MOTION TO DISMISS APPEAL.

[39 Pac. 997.]

PER CURIAM. The notice of appeal was filed August thirtieth, eighteen hundred and ninety-four, and the proof of service indorsed thereon is as follows: "Due service and receipt of a copy hereof admitted after filing this twenty-eighth day of August, eighteen hundred and ninety-four. J. W. Bennett, attorney for plaintiff." It is contended (1) that the indorsement does not show the place of service; and (2) that T. S. Minott and Lizzie H. Minott are adverse and therefore necessary parties to the appeal.

1. The service of a notice of appeal may be made either upon the party or upon his attorney of record residing in the county where the trial was had; but when the attorney resides outside of such county the service can be made only upon the adverse party: *Lindley* v. *Wallis,* 2 Or. 203; *Rees* v. *Rees,* 7 Or. 78; *Lewis and Dryden Printing Company* v. *Reeves,* 26 Or. 445 (38 Pac. 622). The proof of service of a notice of appeal may be made by the sheriff of the county, (Hill's Code, §§ 54, 527,) or by the written admission of the adverse party, but in case of service by the latter method, the admission must state the time and place of service, (Code, § 61,) which must be indorsed on the notice when filed, or the appeal is not perfected: *Briney* v. *Starr,* 6 Or. 207. The admission of the service of a summons must show the time and place of service, otherwise no advantage could be taken of the defendant's default in failing to answer. But the place of service of a notice of appeal is, in general, not required to be specifically set forth, although it is otherwise as to time: Elliott on Appellate Procedure, § 179. The transcript shows that J. W. Bennett was the attorney

for the plaintiff in the trial of the suit in Coos County, and nothing appearing to the contrary, it will be presumed that he was a resident of the county in which he appeared as counsel, (*Roy* v. *Horsley,* 6 Or. 270,) and that he acknowledged service of the notice of appeal where the papers show the venue to be laid: Elliott on Appellate Procedure, § 179. The place of service not having been stated, it will, therefore, be presumed to have been in Coos County.

2. The defendants, T. S. Minott and Lizzie H. Minott, though proper were not necessary parties to the suit. Neither of them has any interest either legal or equitable in the property, and neither could be prejudiced by the decree which the plaintiff seeks to obtain: *Blanc* v. *Paymaster Mining Company,* 95 Cal. 524 (29 Am. St. Rep. 149, 30 Pac. 765); *Fox* v. *Moyer,* 54 N. Y. 130; *Potter* v. *Phillips,* 44 Iowa, 353; *Coffey* v. *Norwood,* 81 Ala. 512 (8 So. 199); *United St tes* v. *Church of Latter-Day Saints,* 5 Utah, 538 (18 Pac. 35); *Bailey* v. *Inglee,* 2 Paige, 278; *Pfister* v. *Dascey,* 65 Cal. 403 (4 Pac. 393). In a suit to set aside a deed alleged to have been fraudulently executed the plaintiff may, though not necessary, elect to make the grantors thereof parties, and having done so a demurrer will not lie for misjoinder: *Pfister* v. *Dascey,* 65 Cal. 403 (4 Pac. 393). The defendants T. S. Minott and Lizzie H. Minott not being necessary parties their interests cannot be adverse to or in conflict with those of the appellant: *The Victorian,* 24 Or. 121 (41 Am. St. Rep. 838, 32 Pac. 1040). As between them and the Coos Bay Hardware Company, the transfer of the stock of goods was complete, and none but their creditors could question the transaction. It follows that the motion to dismiss the appeal must be denied, and it is so ordered.

OVERRULED.

## ON THE MERITS.
[44 Pac. 283.]

Opinion by MR. CHIEF JUSTICE BEAN.

In behalf of plaintiff it is contended that the two lots in Dean's Addition were purchased by the defendant Minott and deeded to his wife for the purpose of hindering, delaying, and defrauding creditors, but it appears that the purchase was made before any of the debts involved in this suit were contracted, and, there being no evidence to show that Minott had the property deeded to his wife for the purpose of hindering, delaying, or defrauding his subsequent creditors, the decree of the court below in that respect must be affirmed.

3. It is contended in behalf of the hardware company that the complaint in this suit is insufficient because it does not allege the name of the court in which plaintiff's said action was brought, nor that the indebtedness upon which it is based was due and payable, but this objection comes too late after judgment. No such question was made in the court below. The allegation of the complaint is, in substance, that on the twenty-second day of October, eighteen hundred and ninety-two, the plaintiff commenced an action against the defendant Minott to recover the sum of three thousand eight hundred and eighty-four dollars and sixty-two cents, interest, costs, and disbursements, and caused the entire stock of hardware, tools, implements, stoves, tinware, iron, steel, merchandise, and personal property of every description, transferred by the defendant Minott to the hardware company, to be duly attached by the sheriff of Coos County. This al-

legation of the complaint was denied by the answer, and the judgment roll in the action was admitted in evidence without objection, and it is now too late to raise the question as to the sufficiency of the complaint in this respect.

4. It is also contended that plaintiff had no standing to institute a suit of this character until his action in which the attachment was issued ripened into a judgment, and an execution thereon was returned unsatisfied. On the question as to whether a creditor must reduce his claims to judgment before he can maintain a creditor's bill to reach assets of his debtor which have been transferred for the purpose of defrauding creditors, the authorities are not harmonious, but in this state it may be regarded as settled that a lien by attachment is sufficient for that purpose: *Dawson* v. *Sims,* 14 Or. 561 (13 Pac. 506). But the suit is not grounded alone upon an attachment lien, but also upon the Baker and Hamilton judgment, assigned to plaintiff, upon which an execution was issued and returned unsatisfied, and under all the authorities this is sufficient to enable plaintiff to maintain the suit.

5. It is next claimed that the complaint fails to allege that the hardware company knew of or participated in Minott's fraudulent scheme, but this contention is equally without merit. The complaint avers that Minott formed the corporation for the purpose and with the intent of hindering, delaying, and defrauding his creditors, and that ever since its formation he has had full charge and management of its business, and has used it for the purpose of enabling him to carry on his business, and to cheat and defraud his creditors, and that at all times since its organiza-

tion it has fraudulently transacted business and pur-
chased goods in its own name, but for the use and
benefit of Minott, and in furtherance of his fraudulent
scheme, and that the stockholders "were fully aware
of the objects and purposes for which the same was
formed, and for which its powers were exercised." In
other words, the effect of the allegations is that Minott
was the corporation and the corporation was Minott,
and that it was organized and used by him as a means
of hindering and delaying his creditors. Under such
circumstances a court of equity will look through and
beyond the legal forms in which the transaction was
clothed, and, if its real object and purpose was to hin-
der and delay creditors, will declare the sale and trans-
fer void as to them, and no rule of law which regards
a corporation as an artificial person, separate and in-
dependent of its shareholders, can stand in the way
of such a result. It is next claimed that this suit can
not be maintained because the complaint and evidence
shows that the corporation was regularly and legally
organized, and that Minott received in exchange for
his goods their value in stock of the corporation, and,
therefore, it is argued, had as much property subject
to execution and sale by his creditors after as before
the transfer. But the conclusion is inevitable from the
evidence that the corporation was organized by Minott
as a means of hindering and delaying pressing credit-
ors in the collection of their claims, and therefore the
transfer by him of the stock of goods to it was void
as to creditors, and they are entitled to be protected
against such a scheme by a court of equity. Under
the proofs in this case it is apparent that Minott was
in fact the corporation and the corporation was Minott.
He caused it to be formed, was the president, general
manager, and treasurer, and owned practically all the

subscribed stock at the time the pretended transfer was made. He made the contract therefor between himself as an individual and the corporation, acting for both parties, and conducted the business practically the same after as before the incorporation, using the proceeds for his own benefit. Under these circumstances, although the corporation was organized in due form of law and has a valid corporate existence, the legal rules which regard it as an entity distinct from the real parties in interest, and its stock as property subject to sale under execution, must go down in this attempt to consummate a fraud by legal forms. Equity is not bound by the rules of law in this respect, when such rules will permit fraud to triumph. "In equity," says Mr. Morawetz, "the conception of the corporate entity is used merely as a formula for working out the rights and equities of the real parties in interest; while at law this figurative conception takes the shape of a dogma, and is often applied rigorously without regard to its true purpose and meaning. In equity the relationship between the shareholders is recognized whenever this becomes necessary to the attainment of justice": Morawetz on Corporations, § 227; *Chicago and Grand Trunk Railway Company* v. *Miller,* 51 N. W. 982; *Des Moines Gas Company* v. *West,* 50 Iowa, 16; *Booth* v. *Bunce,* 33 N. Y. 139.

The contention is also made that at the time of the formation of the corporation and the transfer by Minott of his stock in the concern to his wife about a month later, he was justly indebted to her in about the sum of ten thousand dollars, and that such transfer was made in good faith in payment thereof. If this be true, it is not apparent how it can benefit the hardware company on this appeal. Mrs. Minott has not appealed, and the only question between the hardware

company and the plaintiff is the validity of the sale and transfer by Minott of his stock of hardware to the corporation. If this sale was valid and made in good faith the plaintiff must fail in this suit without regard to the disposition Minott may have made of his stock in the corporation. But, on the other hand, if it was made, as we think the evidence clearly shows it to have been, for the purpose of hindering and delaying creditors, then it is void as to them, and no subsequent disposition by Minott of his stock or interest in the corporation could give validity to the transaction. The existence of the corporation or the ownership of the stock can in no way be affected by the result of this suit. Whatever the result, the corporation survives, and Mrs. Minott will have the stock she claims to have purchased from her husband. Its value, it is true, will be largely reduced if not practically destroyed, but this result comes, not because of the want of good faith in the sale and purchase of the stock by her from her husband, but on account of a previous fraudulent transaction between the corporation itself and Minott. Under these circumstances we do not regard it important to determine whether Minott was or was not indebted to his wife at the time he transferred the stock in the hardware company to her, because we regard the transaction by which the hardware company claims to have become the owner of the stock of merchandise owned by Minott at the time he contracted the debts upon which this proceeding is based as having been consummated for the purpose of hindering, delaying, and defrauding creditors, and must be declared void as to them.

The only remaining question in this case is one of priority between the plaintiff and defendants Hexter, May and Company, and D. M. Osborne and Company.

Some question is made as to the execution of the writs of attachment in the actions brought by these defendants against Minott, but there seems to have been a substantial compliance with the statute in attaching the property under said writs, and in our opinion the order of distribution made by the court below ought not to be disturbed. It follows that the decree must be affirmed, and it is so ordered.          AFFIRMED.

Decided January 13, 1896.