## George G. Mowry, Edward A. Mowry, The George G. Mowry Implement Co. and Henry A. Ainsworth v. Kingman & Co.

1. FRAUDULENT SALES—*Adequate and Full Consideration.*—Even though a grantee or assignee pays a valuable and full consideration, yet if the grantor or assignor sells for the purpose of defeating the claims of his creditors, and the grantee or assignee knowingly assists in effectuating such fraudulent intent, or even has notice thereof, he will be regarded as a participator in the fraud.

2. DEED—*Fraudulent in Fact, Void.*—A deed, fraudulent in fact, is absolutely void as against creditors and is not permitted to stand for any purpose of reimbursement or indemnity.

3. FRAUD—*Organizing a Corporation to Defeat Claims of Creditors.*—Where a person in failing circumstances organizes a corporation and conveys his property thereto, for the purpose of defeating the claims of his creditors, and in pursuance of the same design the stockholders of such corporation assign the stock to a person assisting in such transaction, knowing its object to be the defeat of creditors, the whole transaction will be fraudulent in fact and neither of the parties will be permitted to profit thereby.

4. EQUITY PRACTICE—*Answer to Creditor's Bill.*—An answer to a creditor's bill so far as it is responsive to the bill must be taken as absolutely true in its statements of facts.

Creditor's Bill.—Trial in the Circuit Court of Henry County; the Hon. FRANK D. RAMSEY, Judge, presiding. Decree for complainant finding the transaction not fraudulent; appeal by defendants. Heard in this court at the December term, 1898. Reversed. Opinion filed April 11, 1899.

**Statement of the Case.**—This is a creditor's bill filed by appellee against appellants. The cause was heard in the court below upon bill and answer, and the latter, so far as it is responsive to the bill, must be taken as absolutely true in its statement of facts. These facts as disclosed by the answer are as follows:

Some time prior to the 24th day of November, 1896, the appellant, George G. Mowry, being financially embarrassed, notified all his creditors of his inability to pay them and requested them to meet in the city of Geneseo, in Henry county, on said day. In pursuance of such notice there was a meeting at such place of the representatives of nearly all

of his creditors, at which said appellant submitted to those present, among whom was a representative of appellee, a truthful and correct statement of all his property and assets of every kind and description and also a list of his liabilities, showing that his indebtedness was about $16,000 and his assets of the nominal value of about $18,000. An expert, representing one of the largest creditors who had examined the property, reported to said meeting the result of his examination, and verified the statement made by appellant as to his property and its nominal value. In addition to the indebtedness above mentioned, said appellant was also indebted to his son, Edward A. Mowry, in the sum of $1,000 with interest thereon for many years, due to said Edward A. Mowry on account of moneys received by said appellant as his guardian. At the meeting, appellant George G. Mowry proposed and offered to assign and deliver all and singular his said property, both real and personal, of every kind, character and description whatsoever, to any capable and discreet person, to be selected by his creditors, for the use and benefit of said creditors, that the same might be converted into money with all possible speed and distributed *pro rata* among them. At the meeting there was pres-- ent appellant Henry Ainsworth, a personal friend of appellant George G. Mowry, who, in order to assist and aid said appellant, agreed, at said meeting, to indorse as surety the promissory notes of said appellant Mowry to his creditors, if the creditors, or a large majority of them in amount and number, would accept such notes, payable in one, two and three years at six per cent interest, to the extent and amount of thirty-five cents on the dollar of said indebtedness, in full satisfaction thereof; and he further agreed if any of said creditors to whom such notes should be given, desired to sell the same, to pay therefor within ten days in cash, at the rate of ninety-five cents on the dollar. The proposition was fully discussed by those present, and it was unanimously agreed by the representatives of said creditors, including the representative of appellee, that the creditors would realize more upon their respective claims against the appel-

lant Mowry by accepting his notes, indorsed by appellant Ainsworth as aforesaid, for the sum of thirty five cents on the dollar, than they would if said property were assigned to some person as assignee for their use and benefit. Thereupon all of said representatives at such meeting, who had authority to do so, fully and unconditionally accepted the proposition, and those who did not have authority to bind their respective principals, then and there agreed to recommend to their said principals the acceptance of said proposition. The representative of appellee who was present at such meeting and took part in its deliberations, declined to, and did not accept for appellee the proposition therein made, but agreed to recommend to appellee that it accept the same and did so recommend. Appellee, however, did not accept the same upon said recommendation, but declined to do so, and on November 27, 1896, so notified appellant George G. Mowry. It was stated at the meeting that in case said proposition was accepted by said creditors or most of them, that then and in that case, there should be organized a corporation to succeed to the business of George G. Mowry, to which should be conveyed in payment for the stock thereof, all of the personal property and assets of appellant George G. Mowry. That the capital stock should be $15,000, and when the same should be subscribed and paid for as aforesaid, it should be assigned and transferred to the said appellant Ainsworth to secure and indemnify him from loss on account of his becoming a surety for said appellant as aforesaid. In a few days after said meeting, all of the creditors of appellant George G. Mowry except appellee and one or two others having very small claims against him, accepted the proposition aforesaid, and shortly afterward promissory notes signed by said appellant Mowry and indorsed by appellant Ainsworth in the manner agreed upon, were delivered to all of the creditors who accepted the proposition, to the amount of thirty-five cents on the dollar in satisfaction of their claims.

Appellee Ainsworth, soon after said notes were given, at the request of such creditors as so desired, paid said notes in

cash at the rate of ninety-five cents on the dollar. In pursuance of the plan formed at the meeting, the said appellant George G. Mowry did organize the corporation known as the George G. Mowry Implement Co., which is one of the appellants herein. The capital stock was fixed at $15,000, and in payment thereof the said appellant turned over to the corporation his assets as included in the statement made to said meeting of creditors. Said appellant Mowry received, in addition to the capital stock, the promissory note of the corporation for $3,146.80, but this note was a few days thereafter canceled and returned to said corporation without expense to the same. While the personal property and assets of said appellant Mowry were at the time of said meeting of the nominal value of $18,000, yet in reality it was agreed by the representatives of the creditors at said meeting, that they could not be sold at public auction for a sum sufficient to pay thirty-five cents on the dollar of the debts.

The capital stock of the company was divided into 150 shares of $100 each, of which 135 shares were issued to appellant George G. Mowry, ten shares to his son, Edward A. Mowry, and five shares to a minor son, William A. Mowry. The ten shares so issued to appellant Edward A. Mowry were received by him in payment and satisfaction of said sum of $1,000 and interest due to him as aforesaid, from appellant George G. Mowry. The five shares of stock issued to said William A. Mowry are averred by appellants to have been issued to him for the purpose of securing his interest in and attention to the business of the corporation, and his promise to pay for the same was taken as payment therefor. Said William A. Mowry was originally made a defendant but the bill was afterward dismissed as to him. Within a few days after the organization of the corporation, all the shares of stock and certificates therefor were assigned to appellant Ainsworth to secure and indemnify him against all loss he might incur by reason of becoming surety to said appellant George G. Mowry as aforesaid. On March 1, 1897, appellee having refused as aforesaid to accept thirty-

five cents on the dollar for its debt, demanded of appellant, George G. Mowry, fifty cents on the dollar on its claim, which demand was not complied with. Afterward, on March 8, 1897, appellee recovered two judgments against appellant George G. Mowry, for the sum in the aggregate of $1,923.75, and costs of suit. Execution was issued upon these judgments and on the 8th day of May, 1897, returned unsatisfied. Soon afterward the bill in this case was filed by appellee.

The case having been heard upon bill and answer, the court rendered a decree finding the equities for the appellee, setting aside the sale and transfer of said property by appellant George G. Mowry to said implement company, and establishing the lien of the judgments of appellee upon said assets, subject, however, to the lien of appellant Ainsworth, to the extent of $6,000. A receiver was appointed for the property, who was ordered to sell the same for cash at public sale and to pay, first, the costs of the receivership and suit, next to pay said appellant Ainsworth the sum of $6,000, and out of the remainder to pay appellee's two judgments and costs and report the balance to the court for its further order. From this decree of the court below, an appeal was taken to this court.

DUNHAM & FOSTER, attorneys for appellants.

JOHN P. HAND and ARTHUR KEITHLEY, attorneys for appellee.

Where a debtor, for the purpose of hindering and delaying creditors, organizes a corporation and transfers to it all his assets, he himself being the owner of practically all the corporate stock, and continuing the business the same after as before the incorporation, using the proceeds for his own benefit, equity will set aside such transfer at the instance of creditors, notwithstanding the incorporation is valid, and the corporate stock subscribed by the debtor is subject to sale under execution. Under such circumstances a court of equity will look beyond the legal forms, and

decide the case on the rights of the parties. Bennett v. Minott, 28 Ore. 339.

A fraud may be perpetrated by an insolvent merchant, through the instrumentality of a corporation organized and controlled by himself, to which he transfers the bulk of his property as well as by a transfer to an individual; and where it appears that this has been done for the purpose of hindering and delaying creditors, and enabling the debtor to retain the management and control of his property, and of depriving his creditors of an opportunity to collect their dues, and where such insolvent retains substantially all the stock in the corporation, and no innocent person contributes any substantial sum to the assets of the corporation, the court is warranted in treating the whole transaction as a sham, in sustaining attachments levied on the property, and directing the sale thereof to satisfy the claims of creditors. Kellogg v. Douglas County Bank, (Kan.), 48 Pac. Rep. 587.

A debtor, in failing circumstances, is only allowed to place his property beyond the reach of his creditors by making a general assignment of it, when he does so for the benefit of the creditors, by devoting it unreservedly to the payment of his debts, and not with a view to his advantage, in delaying until a favorable time the appropriation of the property for such purposes. Phelps v. Curts, 80 Ill. 109; Moore v. Wood, 100 Ill. 455.

In such case the fraudulent intention to hinder and delay creditors in the collection of their debts follows necessarily as a conclusion of law, wholly regardless of what the parties to the transaction in fact intended. Davidson v. Burke, 143 Ill. 146.

A transfer of property must not only be upon a good consideration, but it must also be *bona fide*. Even though the grantee or assignee pays a valuable, adequate and full consideration, yet if the grantor or assignor sells for the purpose of defeating the claims of his creditors, and such grantee or assignee knowingly assists in effectuating such fraudulent intent, or even has notice thereof, he will be

regarded as a participator in the fraud, for the law never allows one man to assist in cheating another. Bump on Fraudulent Conveyances (2d Ed.), 197.

A deed, fraudulent in fact, is absolutely void as against creditors, and is not permitted to stand for any purpose of reimbursement or indemnity. Beidler v. Crane, 135 Ill. 92.

The placing of property in the hands of an assignee for any other purposes than to distribute it or its proceeds among creditors, is fraudulent and void as to creditors. If made to procure time or for the benefit of the assignor, it is fraudulent; and when the assignor has, or thinks he has more property than is necessary to pay his debts, the assignment can only be presumed to be intended for his own benefit, for in that event he only is to be profited. Gardner v. Com. Nat. Bank, 95 Ill. 298; see also Temple Grocery Co. v. Clabaugh, 45 S. W. Rep. 482; Oakford & Fahnestock v. Dunlap, 63 Ill. App. 498; Hanchett v. Goetz, 25 Ill. App. 445; Beaver v. Danville Shirt Co., 69 Ill. App. 320; Carl & Tobey Co. v. Beal & Fletcher Grocery Co., 42 S. W. Rep. 664; Bell v. Devore, 96 Ill. 217; Chatterton v. Mason (Md.), 37 At. Rep. 960.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The question presented by this record is, did the action of the appellant George G. Mowry, in conveying his property to the George G. Mowry Implement Company, constitute fraud, either in fact or constructively? The decree of the court below found in effect that the sale and delivery of the property in question was constructively fraudulent. Appellant assigns the entering of this decree as error, while appellee assigns as a cross-error the fact that the court did not hold that the facts stated in the answer constituted a fraud in fact. If there was actual fraud in the sale and transfer of the property to the implement company the same should be wholly set aside. Even though a grantee or assignee pays valuable, adequate and full consideration, yet, if the grantor or assignor sells for the purpose of defeating the claims of his creditors, and such grantee or assignee

knowingly assists in effectuating such fraudulent intent, or even has notice thereof, he will be regarded as a participator in the fraud. "A deed fraudulent in fact is absolutely void as against creditors and is not permitted to stand for any purpose of reimbursement or indemnity." Beidler v. Crane, 135 Ill. 92.

If it appeared from the facts in this case that the appellant George G. Mowry organized said implement company and conveyed his property thereto for the purpose of defeating the claims of his creditors—that in pursuance of the same design the stockholders of said implement company assigned the same to said appellant Ainsworth, and that said Ainsworth assisted said appellant Mowry in such transactions, knowing that the object of said Mowry was, and the effect would be, to defeat the claims of his creditors—then, and in that case, the whole transaction would be fraudulent in fact, and neither said Mowry nor said Ainsworth would be permitted to profit thereby.

The facts in this case, however, do not show such condition of affairs. On the contrary, it appears that the appellant George G. Mowry, being in failing circumstances, called his creditors together and proposed to turn all his property over to them. The creditors agreed that the property would not bring more than thirty-five cents upon the dollar of his indebtedness, and thereupon the appellant Ainsworth undertook to indorse Mowry's notes to that extent and the offer was accepted by those present so far as they had the authority to do so. The representatives of appellee who were present considered it the best thing to be done for all parties concerned, and recommended its acceptance by appellee. We think that under the circumstances, as shown by the answer, appellant Mowry did all that any honest man could do to protect his creditors.

The question then arose as to how appellant Ainsworth could be reimbursed for the money advanced by him to pay the creditors. It was agreed that the best plan was to form the corporation for the purpose of continuing the business and assign the stock to Ainsworth as security. There is no doubt but that Mowry could have either mortgaged or

actually sold the property to secure the funds necessary to pay his indebtedness at thirty-five cents on the dollar. There was no concealment as to the purpose of the parties in forming the corporation, and there is no evidence of actual fraud in the conveyance of the property to the implement company or the assignment of stock in the same to Ainsworth. Nor do we think there was any constructive fraud shown by the answer. Appellee cites us to the case of Bennett v. Minott, 28 Ore. 339, as being in point and decisive of this case.

In that case a hardware merchant in failing circumstances, and being pressed by his creditors, caused the formation of a corporation, subscribing for most of the stock himself, his wife, his attorney, and a friend taking the rest. He thereupon assigned his stock of hardware to the corporation, of which he was president, general manager and treasurer, and soon afterward transferred all his shares of stock except a very few, to his wife, in payment of a debt he claimed to owe her. A creditor's bill having been filed, the conveyance was set aside. It was held that, under the circumstances, it was not important whether the creditor was or was not indebted to his wife in good faith at the time he transferred the stock in the hardware company to her, because the court regarded the transaction by which the hardware company claimed to become the owner of the stock of merchandise as having been consummated for the purpose of hindering, delaying and defrauding creditors in the collection of their claims, and that therefore the conveyance must be declared void as to them.

As the statement of facts contained in the answer in this case shows no such condition of affairs, but on the contrary shows an honest endeavor on the part of Mowry to assist his creditors in the collection of their indebtedness, and to devote his property to that purpose, the case above referred to does not apply.

We are of opionion that the facts stated do not constitute fraud, either actual or constructive, and the decree of the court below will therefore be reversed.