## GARDNER V. HAINES *et al.*

1. Under Rev. Civ. Code, § 2366, providing that a debtor may pay one creditor in preference to another, a debtor has a right to organize a corporation, transfer his property to it for stock, and transfer the stock to a creditor in payment of the debt, so long as such transfers are not with intent to defraud.

2. Transfers of property by a debtor over a year before the bankruptcy act was passed cannot be regarded as having been made in contemplation of bankruptcy.

3. Capital stock of a corporation is a good consideration for the transfer of property to the corporation.

4. The mere transfer of property to a corporation for capital stock therein does not hinder or delay the creditors of the transferror, the stock being subject to execution. .

(Opinion filed July 6, 1905.)

Appeal from circuit court, Lawrence county; Hon. W. G. RICE, Judge.

Action by William Gardner, as trustee in bankruptcy of John C. Haines, against John C. Haines and another. From a judgment for defendants, and from an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

*Buell & Gardner, Martin & Mason,* and *Chauncey L. Wood,* for appellant.

*James W. Fowler* and *William McLaughlin,* for respondents.

CORSON, P. J. This is an appeal by the plaintiff from a judgment rendered in favor of the defendant, and from an order overruling a motion for a new trial. The action is one in the nature of a creditors' bill brought by the plaintiff, as a trustee in bankruptcy of the estate of John C. Haines, bankrupt, against the said bankrupt and John C. Haines, a corpor-

ation. The action, as shown by the prayer of the complaint, was for the purpose of enjoining the said defendants, and each of them, from selling, mortgaging, or otherwise disposing of the stock of merchandise claimed by the said corporation, and for the appointment of a receiver, and for a judgment against the corporation for the value of the property transferred to the defendant corporation by John C. Haines, and for $50,000 damages, in accordance with subdivision "e," § ——, of the act establishing a uniform system of bankruptcy over the United States, approved July 1, 1898. The case was tried by the court without a jury, and it found the facts and stated its conclusions of law in favor of the defendant, and rendered the judgment of dismissal appealed from.

The findings of fact are very voluminous, and we shall not attempt to give more than a summary of the same. The court finds that John C. Haines, Incorporated, has been since the 18th day of October, 1895, a corporation duly organized under the laws of this state; that said defendant John C. Haines on or about the 14th day of September, 1898, filed his voluntary petition in bankruptcy in the Western Division of South Dakota; that plaintiff has been for more than two years past the duly appointed and qualified trustee of the estate and effects of the said defendant John C. Haines; that the defendant John C. Haines, Incorporated, is a corporation organized by the defendant John C. Haines, May Haines, his wife, and H. C. Loveland, his mother-in-law, who were the incorporators thereof; that, upon the organization of said incorporation, said John C. Haines was elected president and secretary thereof, and said May Haines, his wife, vice president and treasurer, and that they have remained such

officers up to the present time; that for about two years after the organization of said incorporation the stockholders thereof were the said John C. Haines, who owned and held 445 shares of the stock, said May Haines, who owned and held 50 shares of the capital stock, and the said H. C. Loveland, who owned and held 5 shares of the capital stock thereof, the total number of shares of the said corporation, as organized, being 500 shares, of the par value of $100 per share; that since the organization of said corporation the said defendant John C. Haines has been the manager of the business, and has received for his services as an officer of the same the sum of $100 per month; that said corporation has from the 30th day of November, 1895, been owner of three retail dry goods and general merchandise stores, to-wit, one at Deadwood, one at Rapid City, and one in Keystone, until on or about the 1st day of December, 1901, at which time it disposed of its store at Keystone, becoming the owner of a two-fifths interest therein; that Ole L. Snyder is the principal creditor of the defendant John C. Haines; that his claim against the estate of the said defendant Haines has been filed and allowed in the aforesaid bankruptcy proceedings; that said defendant John C. Haines became indebted to said Ole L. Snyder under and by virtue of an assignee's bond filed in the circuit court of Pennington county in the matter of the assignment of the Rapid Valley Horse Ranch Company, a corporation, which said bond was executed and delivered by the defendant John C. Haines on or about the 28th day of January, 1893; that such proceedings were had that judgment was entered by the said circuit court in and for Pennington county in favor of the said Snyder and against the said John C. Haines et al., on or about the 8th day of December,

1897, for the sum of about $10,000, no part of which has been paid; that such John C. Haines has no property subject to execution, except such as might be claimed exempt by him under the laws of the state; that at the time of the organization of the defendant corporation, the defendant, John C. Haines, owned a large amount of dry goods, merchandise and accounts in Rapid City and at Deadwood, of the value of about $36,000, and that said defendant transferred and conveyed to the corporation all said stocks or merchandise and accounts, being all of the property then owned by him, except some real estate, which was afterward conveyed to the corporation; that since the said transfer and conveyance said John C. Haines has had no property except some shares of some mining stock, of little or no value, and except the $100 per month, which amount was paid to said defendant by the corporation in consideration of his service as an officer and manager of the same; that the consideration for the transfer and conveyance of the property owned by said defendant John C. Haines, hereinbefore enumerated, at the time of the organization of the corporation, and which was transferred to the same, was 500 shares of the capital stock of the said corporation, of the par value of $100 per share, being the whole of the capital stock of the same, 445 shares of which were isued to defendant Haines, 50 shares to May Haines, his wife, in payment of an indebtedness of John C. Haines to her for the sum of $5,291 for services performed by her, and 5 shares to H. C. Loveland, the mother-in law of said Haines which was presented to her by him without any money consideration; that on or about the 4th day of March, 1889, the defendant purchased of one John T. Potter, with whom he had been engaged in business at Sturgis and Rapid City, his inter-

est in the stock of goods for the sum of $12,500, for which he gave his promissory note, due and payable in five years after date, with interest at the rate of 10 per cent. per annum; that said note was canceled by the giving of a new note to said Potter on or about the 4th day of March, 1896, for the sum of $23,-000, to cover the principal and the balance of the interest due thereon; that on or about the 9th day of December, 1896, the said defendant borrowed from Marshall Field & Co., of Chicago, the sum of $25,000 in cash, with which he took up the said Potter note, the principal and interest of which amounted to over $24,000 leaving a small balance in his hands; that said defendant Haines executed and delivered to Marshall Field & Co. his promissory note for $25,000, and to secure the same, deposited as collateral security the said 445 shares of the capital stock of said corporation; that on or about the 6th day of December, 1897, the said Marshall Field & Co. received from the said defendant Haines 440 shares of the said capital stock in full payment, settlement, accord, and satisfaction of the said note of $25,000, and the said shares were transferred to Marshall Field & Co.; that said defendant Haines has no interest in said shares of stock, and has not had any interest since the same were transferred as aforesaid; that the said transfers and conveyances made as aforesaid by the said Haines were made with the intent and for the purpose of enabling him to settle his debts then owing and outstanding against him; that it is not proven that the said transfers, or any of them, were made with the intent to hinder, delay, or defraud the creditors of the said Haines, but that he executed the same in order to enable him to settle up his liabilities to his creditors; that immediately upon the transfer aforesaid of

said stock of goods by the said Haines to said corporation, changes were made in the business formerly carried on by said Haines, to indicate that there had been a change in the ownership of said property, which changes are fully set out in the findings; that it was generally known and advertised for more than three years prior to the commencement of this action that the business affairs of this concern were carried on and conducted by said corporation. From which findings the court concludes that the complaint in this action should be dismissed upon the merits, and upon which a judgment of dismissal was accordingly entered.

It will thus be seen that the defendant Haines executed the assignee's bond of said Bailey in December, 1893, and that the corporation was organized, to which said Haines conveyed all his property, in October, 1895; that the judgment against said Haines in the suit upon the assignee's bond was entered in the fall of 1897; and that in the fall of 1898, the defendant filed his petition in bankruptcy. It therefore appears that the corporation was organized and the property conveyed to it by the defendant Haines two years or more before the judgment was ob tained against him, and that his petition in bankruptcy was filed about three years after the organization of the corporation.

It is contended by the appellants (1) that conceding, by way of argument, that the findings of the court were sustained by the evidence, these conclusions and judgment should have been rendered in favor of the plaintiff; (2) that the transfer and conveyance of the property by the defendant Haines to the corporation was without consideration, and had the direct effect to delay, hinder, and defraud his creditors, and is invalid without reference to the actual intent; (3) that the subsequent

transfer of the stock to Marshall Field & Co. did not validate the original conveyance or make the same valid as against the creditors of said Haines; (4) that the transfers were not validated by the fact that the defendant's stock in the corporation remained unpledged from November 30, 1895, to December 9, 1896; (5) the transfer from Haines to the Haines corporation, not being accompanied by an immediate delivery nor followed by an actual and continued change of possession of the property transferred, is conclusively presumed to be fraudulent and void; (6) that, the corporation having sold the property and realized money therefrom, it is subject to a money judgment in favor of the defrauded creditors; (7) that the organization of the corporation, and the transfer of the property of the defendant Haines thereto were effected with actual intent to defraud the creditors of said defendant Haines.

Upon a careful review of the evidence we are satisfied that the findings of fact were fully sustained by the same, and that the contention of the appellant that the transfer of the property by the defendant Haines to the corporation was made with the actual intent to defraud his creditors is not sustained by the evidence. It is also quite clear from the evidence that the object of defendant Haines in organizing the corporation was for the purpose, as found by the court, of satisfying the debts outstanding against him. The defendant Haines, being somewhat embarrassed in 1895, was authorized by the Code of this state to convey his property to such creditors as he might deem proper to prefer; and, if he could more effectively accomplish that purpose by transferring the property to the corporation, it was competent for him to do so. Section 2366 of the Revised Civil Code provides: "A debtor may pay one cred-

itor in preference to another, or may give to one creditor security for the payment of his demand, in preference to another." This section was very fully considered by this court in the case of Sandwich Mfg Co. v. Max et al, 5 S. D. 125, 58 N. W. 14, 24 L. R. A. 524, in which this court held that "at common law a debtor may use any or all his property to pay one or more creditors in preference to others, and in this state the same right is expressly declared by statute." The decision in that case was referred to and approved in the case of Jewett v. Downs, 6 S. D. 319, 60 N. W. 76. Under the provisions of the Code and of the decisions of this court, therefore, the defendant Haines was fully justified in appropriating the stock of the corporation held by him to the payment of any debt due to his wife and any debt due to Marshall Field & Co.; and his creditor Snyder had no grounds of complaint as long as such transfers were not made with the actual intent to defraud him. It cannot be consistently claimed that the corporation was organized in contemplation of bankruptcy proceedings, as the bankruptcy law was not passed until about three years after the corporation was formed; nor can it be consistently claimed that Haines transferred the stock to Marshall Field & Co. in contemplation of bankruptcy proceedings, as that transfer was made a year or more before the passage of the bankruptcy act. The transfer to Marshall Field & Co. of the stock may have been, and probably was, made with a view to prefer that firm as a creditor by the said Haines, and such a transfer, as we have seen, is authorized by the law of the state; and while its effect may have been, and evidently was, to defeat the claim of Snyder on the assignee's bond, still it was a perfectly legitimate transaction, and one of which Snyder has no cause of

19 S. D.—34

complaint. It is difficult to discover upon what theory the ap-
pellant can consistently contend that the conclusions and judg-
ment of the court should have been in favor of the plaintiff.
The plaintiff, of course, as trustee in bankruptcy, occupied the
position of the creditor, Snyder, and has no greater rights
than those vested in Snyder, had there been no bankruptcy
proceedings. The contention that the transfer by Haines to
the corporation in 1895 was not for a good consideration,
namely, the stock of the corporation, cannot be sustained, as
the capital stock of a corporation constitutes a good considera-
tion for the transfer of property. Haines, having received
practically all of the stock, was, as we have seen, fully author-
ized to transfer the same to his creditors in payment of his in-
dividual debts, and that he did so transfer it to them without
an actual intent to hinder, delay or defraud any of his credit-
ors, except as such a result necessarily followed his prefer-
ence of his wife and Marshall Field & Co. as such creditors,
seems clear from the evidence and findings, and the court's
conclusions seem to naturally follow its findings of fact.

The second contention, therefore, of the appellant, which
seems to assume that the transfer was made without considera-
tion, is clearly untenable. The capital stock of the corporation
in the hands of Haines was practically of a value equivalent to
the value of his stocks of merchandise, as found by the court;
and we are of the opinion that the stock of the corporation, if
formed in good faith, was a valid consideration for the trans-
fer of the merchandise owned by Haines. The third proposi-
tion of the appellant, that the subsequent transfer to Marshall
Field & Co. of the stock by Haines did not validate the original
transaction, is perhaps a correct proposition, if the original

transaction had been void; but that being a legitimate and proper transaction, under the corporation laws of this state, the transfer of the stock to Marshall Field & Co. had no effect whatever upon the original transaction. The fourth proposition would be equally true—that the transfer was not validated by the fact that Haines' stock in the corporation remained unpledged from November, 1895, to December, 1896. Certainly that fact had no effect upon the original transaction, or upon the subsequent transaction or transfer by defendant Haines to Marshall Field & Co. in payment of his indebtedness.

The contention of the appellant that there was no immediate delivery, and that the sale was not followed by an actual continued change of possession, is negatived by the findings of the court, which findings were fully sustained by the evidence. The other contentions of the appellant are clearly untenable. It is contended that the Haines Company, having sold the property and realized money therefrom, is subject to a money judgment in favor of the defrauded creditors, but there is no evidence that the corporation sold or disposed of the stock of the company. That was owned by Haines individually, and he disposed of it, as he had a right to do, in payment of his debts. With that transaction the corporation, as such, had no connection. Upon the transfers by Haines of his stock to Marshall Field & Co., that company became owner of the merchandise transferred by Haines to the corporation. It is further stated by the appellant that the organization of the corporation and transfer of the property of Haines to it were effected with an actual intent to defraud the creditors of Haines, but as we have seen, this is unsustained by the findings of the court, or, rather, the court has found that no such intent was proven on

the part of Haines in transferring the property to the corporation; and it is difficult, on an examination of the evidence, to find evidence that would warrant the finding contended for.

The contention of the appellant that giving the Potter note was a sham and a fictitious proceeding is certainly not warranted by the evidence, as both Potter and Haines testified to the bona fides of that transaction. And the fact that Haines subsequently borrowed $25,000 from Marshall Field & Co. to take up that note was clearly sustained by the evidence; hence the assertion that the giving of the Potter note, its renewal by a new note, and its subsequent payment by money obtained from Marshall Field & Co., were bona fide, stands uncontradicted.

We have not overlooked the authorities cited by appellant in support of his various propositions, and especially the cases of Kellogg v. Douglas Co. Bank, 58 Kan. 43, 48 Pac. 587, 62 Am. St. Rep. 596; Bennett v. Minott, 28 Or. 339, 39 Pac. 997, 44 Pac. 288; First Nat. Bank v. Trebein Co., 59 Ohio St. 316, 52 N. E. 834. But in these cases the fact was found by the court that the organization of the corporation was for the purpose of hindering, delaying, and defrauding the creditors of the party making the conveyance to the corporation; and, assuming that such findings were supported by the evidence, as the court does not intimate that they were not, the conclusions reached by the appellate courts were undoubtedly correct. But, as we have seen, in the case at bar there were no such findings, and apparently no evidence to warrant such a finding; hence those cases are not in point. Several of the other cases cited, in which it was held that conveyances made without consideration would be void as against creditors, clearly have no

application to the case at bar, as the consideration given by the corporation for the transfer of merchandise by Haines to the same constituted full consideration for the property. During the year that Haines held the capital stock of the corporation his stock was subject to seizure or attachment upon execution, the same as would have been his stock of merchandise; hence the creditors of Haines were neither hindered nor delayed by the transfer of the stock of merchandise to the corporation.

We are therefore of the opinion that the court was right in stating its conclusions of law, and rendering judgment in favor of the defendant, dismissing the action.

The judgment of the circuit court and order denying a new trial are affirmed.